24545.  CITY OF ADEL v. GEORGIA POWER COMPANY.

ARGUED MARCH 13, 1968—DECIDED APRIL 8, 1968.

M. Dale English, L. Clifford Adams, Jr., Heard & Leverett, for appellant.

Troutman, Sams, Schroder & Lockerman, William H. Schroder, Milton A. Carlton, Jr., Tillman, Brice, McTier & Coleman, B. Lamar Tillman, for appellee.

DUCKWORTH, Chief Justice. Notwithstanding the numerous principles of law raised and discussed by opposing counsel, this case will be decided when the plain provisions of Ga. L. 1962, p. 119 (Code Ann. §§ 69-902, 69-903), are applied to the undisputed facts in this case. In order for the municipal authorities to acquire jurisdiction to extend the corporate limits they must have an application therefor signed by all the owners of all the lands embraced therein. This means that not even a foot of land can be so annexed in the absence of the signature of its owner on such application to annex. The owner of the right of way of State Highway 76 signed no such application. It is questionable in two other instances as to whether the annexation proceeding is void, but we need go no further than the right of way on which the power line is constructed. It is as simple as "A B C" that this right of way was not thereby annexed. The only answer to this simple logical fact that we have heard is that in some mysterious way the further content of the 1962 Act defining the meaning of "contiguous area," could, should or did cause the highway to become annexed. The obvious purpose of this definition is to explain the previous provision for annexing to the existing corporate limits unincorporated areas "contiguous to the existing corporate limits." This provision has no reference to any lands where the owners sign no application to annex. Its sole purpose is to say that although a road, creek, river, interstate highway, railroad, or even other municipal property of another political subdivision passes between the lands of

"A" and the corporate boundary, "A's" land is continguous for the purpose of annexing it when he signs an application therefor.

Therefore, when this record shows beyond question that the precise land upon which the Georgia Power Company has done everything complained about by the city is the right of way of State Highway No. 76, with the express permission of the State Highway Department, and that this area has never been annexed to the City of Adel because the owner of that right of way signed no application to be annexed—which is actually jurisdictional to annexation—, the trial court had no choice but to deny plaintiff's prayer for relief and grant the ruling prayed for by the defendant.

*Judgment affirmed. All the Justices concur.*