### 29045. CITY OF GAINESVILLE v. HALL COUNTY BOARD OF EDUCATION et al.

JORDAN, Justice.
This is an appeal from an order of the trial court holding void seventeen ordinances of the City of Gainesville annexing territory to the city limits under the so-called "stem" or "spoke" method of annexation, and enjoining the city from enacting any further ordinances under such plan of annexation.

The Hall County Board of Education brought this complaint against the City of Gainesville and W. Byron Turk as Tax Commissioner of Hall County. The case was submitted to the court upon an agreed statement of facts which shows that Hall County Board of Education is a political subdivision of the State of Georgia operating the public school system in Hall County outside the corporate limits of the City of Gainesville and receives revenue in part from levying ad valorem taxes upon real estate lying outside the boundaries of the corporate limits of Gainesville; that the City of Gainesville is a municipal corporation which operates an independent public school system within the corporate limits of Gainesville and receives revenue in part by levying ad valorem taxes upon real estate lying within the boundaries of the corporate limits of Gainesville; that the City of Gainesville has enacted seventeen (17) ordinances from

April, 1969, until October, 1973, declaring certain tracts of land lying outside the city limits of Gainesville to be within its corporate limits; that the effect of the annexation of each tract described in these ordinances is to cause to be removed from the tax digest of property subject to Hall County school tax the real estate described in said ordinances and is hence no longer subject to the Hall County school tax; that by virtue thereof the Hall County Board of Education has sustained a loss of each of the described tracts upon which ad valorem taxes may be levied for the operation of the public schools in Hall County. Attached to the record is a map of the City of Gainesville showing the property annexed thereto by each of the ordinances in question.

Based upon the pleadings and the agreed statement of facts the trial court entered a comprehensive order concluding that the ordinances are invalid, null and void and permanently enjoined the city from enacting any further municipal ordinances under the plans utilized in enacting the said invalid ordinances in question. From this judgment in favor of the Hall County Board of Education the City of Gainesville filed its appeal. *Held:*

1. The appellant's motion to dismiss the appellee's complaint on the ground that the appellee had failed to serve the Attorney General with a copy of said complaint is denied.

2. The question here is whether or not annexation under the 17 ordinances under attack was authorized under Code Ann. § 69-902 as amended. This Code section when adopted in 1962 (Ga. L. 1962, p. 119) provided in part as follows: "Authority is hereby granted to the governing bodies of the several incorporated municipalities of this state to annex to the existing corporate limits thereof unincorporated areas contiguous to the existing corporate limits at the time of such annexations, upon the written and signed applications of all of the owners of all of the land proposed to be annexed containing a complete description of the land to be annexed."

Annexation under this Code section has been called the "100% method" of annexation since it requires the consent of the owner or owners of all the land proposed

to be annexed. In construing this Code section in 1968 this court in *City of Adel v. Georgia Power Co.*, 224 Ga. 232 (161 SE2d 297), said that no land can be brought within the corporate limits of a city under the method prescribed in this Code section in the absence of the signature of its owner in an application to annex, and that since the owner of the right-of-way of State Highway 76 had not signed such application to annex, the right-of-way was not and could not be annexed. Following that decision the General Assembly amended Code Ann. § 69-902 by requiring the written and signed consent of all the owners of all of the land *except the owners of any public street, road, highway, or right-of-way* so that such streets, roads or highways could be annexed by a municipality without the consent of the owners of such street, road or highway. See Ga. L. 1969, p. 504. Pursuant to said amendment the City of Gainesville under the ordinances here involved annexed certain streets, roads and highways into the city limits for as far out as it wished to go and annexed any area contiguous or adjoining said street or highway where the property owner or owners applied for and agreed to such annexation.

The decision here turns upon the interpretation of the word contiguous. Code Ann. § 69-903 gives this definition: " 'contiguous area' shall mean any area which, at the time annexation procedures are initiated, either abuts directly on the municipal boundary or is separated from the municipal boundary by a street or street right-of-way, a creek or river, the right-of-way of a railroad or other public service corporation, lands owned by the city or some other political subdivision, or lands owned by the State of Georgia."

The trial court held that the legislative intent was "to allow annexation of the width, and not the indefinite length of a road," so as to reach a parcel of land to be annexed.

We do not view Code Ann. §§ 69-902 as amended and 69-903 as being so restrictive upon municipalities under the "100% method" of annexation. Under this method of annexation the only property involved is that of the owner who applies for annexation. It merely gives him a free election as to whether to have it within or without

the municipality provided it is contiguous to an area of the city and the city is willing to annex. Any other interpretation of the legislative intent would be to deprive the owner of such land of this right of election. Such areas of land meet the requirement of being "contiguous to the existing corporate limits" when they adjoin and abut directly on a street or highway which has been made a part of the corporate limits.

The fact that such "stem" or "spoke" annexation will result in irregular and odd shaped city limits, as indeed it does here, is no basis for declaring such annexations void. Likewise, the fact that such annexations result in one taxing political entity gaining or losing taxable property provides no basis to void annexations otherwise valid. Such would be the result of any annexation, whether by Act of the General Assembly, the "60% method" or the method used here.

Both parties cite numerous cases from other jurisdictions dealing with this subject. It can only be said that there is a conflict of authority in this area, many cases turning on the particular language and definitions used in the statutes. For a general discussion on the subject see 49 ALR3d 589.

In reviewing the question of annexation by municipalities in this state we must conclude that the General Assembly intended that a liberal policy apply in this area. The General Assembly has made several methods available and has apparently sought to leave such matters primarily under local control. When this court has applied a strict interpretation of these methods, as in *City of Adel v. Georgia Power Co.,* supra, and *Plantation Pipe Line Co. v. City of Bremen,* 227 Ga. 1 (178 SE2d 868), the General Assembly has promptly amended the statutes to overcome such court enunciated limitations.

We must also give consideration to the effect that the nullification of these ordinances and perhaps many others in other cities would have upon the property involved and its owners. As pointed out in the amicus curiae brief filed by one of the property owners, some of the ordinances here under attack were adopted as long as five years ago and in reliance thereon many additions

and improvements have been made. Water mains and other services have been extended thereto.

This seems an appropriate case in which to apply the Latin maxim "argumentum ab inconvenienti," as urged by former Chief Justice Almand in his concurring opinion in *Plantation Pipe Line,* supra. This calls for a consideration of the inconvenience which would result to property owners if such ordinances were declared invalid at this point in time.

In consideration of all the facts of this case we conclude that it was the intention of the General Assembly to allow annexations by municipalities by the method used in the ordinances here under review. The trial court erred in holding said ordinances invalid and in enjoining the appellant from using this method for future annexations.

*Judgment reversed. All the Justices concur, except Undercofler and Hall, JJ., who dissent, and Ingram, J., who concurs in the judgment only. Gunter, J., disqualified.*

Argued September 9, 1974 — Decided October 17, 1974 — Rehearing denied October 25, 1974.

*Palmour, Palmour & Lawson, J. Ernest Palmour, Jr.,* for appellant.

*Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr., Greer, Sartain & Carey, Tifton S. Greer,* for appellees.

*Frank Strickland, Jr., Reed & Dunn, Douglas Parks,* amicus curiae.

Hall, Justice, dissenting.

The majority opinion construes the 1969 Amendment to Code Ann. § 69-902 (Ga. L. 1969, p. 504) to mean that the intent of the General Assembly was to allow a municipality to annex pockets of territory miles away from its boundaries by the ruse of following the path of a public street, road, highway, or right-of-way. I dissent. The purpose of this amendment was to change an interpretation of the Code section by this court in *City*

*of Adel v. Georgia Power Co.,* 224 Ga. 232 (161 SE2d 297) and thereby "render unnecessary for the annexation application the signatures of 'the owners of any public street, road, highway or right-of-way.'" Sentell, Municipal Annexation in Georgia, 5 Ga. L. Rev. 499, 509. It in no way enlarged the meaning of "contiguity" to permit a bizarre method of annexation.

This court has gone from the narrow interpretation in *City of Adel* to one as broad as the ocean and as loose as the goose. The result is we have satellite areas of a municipality ten or more miles from its contiguous body connected only by public means of transportation. I read no such anomaly in Code Ann. §§ 69-902 and 69-903.

I am authorized to state that Justice Undercofler concurs in this dissent.