## 54416. POWERS et al. v. CITY OF CORDELE et al.

WEBB, Judge.

Sam Powers, Sr. and Sam Powers, Jr., father and son, filed a complaint for declaratory judgment against the City of Cordele, Crisp County and Rupert H. Mixon as building inspector and zoning officer of Crisp County, seeking to declare void a zoning regulation adopted by Crisp County and an ordinance passed by the Cordele City Commission purporting to annex certain property owned by them as tenants in common.

The case was tried without a jury and the trial judge made the following findings of fact, which are supported by the record. On July 5, 1972 each plaintiff was the owner of a one-half undivided interest in the property in question. On that date Powers Sr. wrote to the Cordele City Manager stating: "I would like to request that my property at the corner of 24th Avenue and Pecan Street, on the south east corner be brought into the city of Cordele. I would like this done as soon as possible." The letter was signed, "Sam Powers." Because of this request the commission on August 1, 1972, adopted an ordinance annexing the property by expanding the city limits to include the tract.

Powers Jr. learned of the application shortly thereafter but made no objection. On February 15, 1973 Powers Sr. and Jr. by exchange of deeds divided the tract into two parcels with each receiving absolute title to an undivided interest in and to a separate parcel. However, Powers Sr. returned the entire tract for ad valorem taxes and paid the taxes on both parcels for the years 1974 and 1975. As a result of being brought into the city, services including water, sewage and garbage collection were one-half the rate paid for the same services when the property was located outside the city.[1]

On November 9, 1973 both Powers sought a building

---

[1] The City of Cordele renders such services to residents of Crisp County who reside near, but not within, the city limits. Nonresident recipients of these services pay at a rate double that paid by residents.

permit from the city to construct a building on the unimproved parcel. The permit was first denied but thereafter approved on appeal. After the permit was granted the city attempted to appeal on the ground that the property was improperly annexed. Both Powers filed a mandamus action (in which they alleged that they were owners of the property) to enforce issuance of the building permit. For unexplained reasons not readily apparent from the record, this action appears to remain unresolved. The present action for declaratory judgment was filed 15 months later, again by both Powers, but now seeking to declare the purported annexation void because it did not contain the signatures of "all of the owners of all of the land" nor a "complete description of the lands to be annexed," as required by Code Ann. § 69-902; and also alleging that the zoning regulation of Crisp County prohibiting commercial development of the property in question, enacted July 10, 1975, was unconstitutional.

1. The trial judge found that the annexation was valid because Powers Jr. had ratified the annexation application signed by Powers Sr. and that the description of the property was sufficient. We concur.

While Powers Jr. did not sign the written application for annexation, he testified that he knew of the letter after his father had written it and never objected to his action. Powers Sr. testified that the purpose of the letter was to bring all the property owned by both of them into the city in order to receive the lower service rates and to have it zoned commercial. It was stipulated that both of them received the benefits of the city services at the lower rates. In the verified mandamus petition brought by both against the city, Powers Jr. swore that he was an owner of the property and that it was located within the city limits.

Based upon this evidence, the trial court found that Powers Sr. in making written application for city annexation did so without Powers Jr.'s knowledge, but under circumstances holding himself out to act for both. Appellants argue that there was no evidence to support this finding and that it was harmful to them because it was the basis for the ruling that Powers Jr. made Powers

Sr. his agent by ratification.

As to the first contention, "since this case was tried without a jury, the trial judge has a much broader discretion in the admission of evidence since it is presumed that in his consideration of the evidence he sifted the wheat from the chaff and selected the legal testimony. Thus, his judgment will not be reversed where there is any legal evidence to support the finding. [Cits.]" *Dowling v. Jones-Logan Co.,* 123 Ga. App. 380, 382 (3) (181 SE2d 75) (1971). We have reviewed the record and transcript and conclude that there was evidence tending to show that Powers Sr. made the application under circumstances holding himself out to act for both owners, and that the trial court did not abuse his discretion.

"Authorities generally agree that . . . ratification is the confirmation by one of an act performed by another without authority. Mechem, Law of Agency (2d Ed.) Vol. I, pp. 261, 262, § 349; 2 CJS 1068-1071, § 34; 3 AmJur2d 549, § 160; 7 ALR2d 299. . . In *Harris v. Underwood,* 208 Ga. 247, 250 (4) (66 SE2d 332) it is held: 'Where a principal is informed by his agent of what he has done, unless the principal repudiates the act promptly or within a reasonable time, a ratification will be presumed.' " *Griggs v. Dodson,* 223 Ga. 164, 169 (154 SE2d 252) (1967). And, "The acceptance of the benefit flowing from an unauthorized act amounts to an implied ratification of such act, whether the principal intends to ratify it or not." *Armour Fertilizer Works v. Maddox,* 168 Ga. 429 (2) (148 SE 152) (1929) and cits.

While Powers Sr. incorrectly stated in the application that his property was located on the southeast corner of 24th Avenue and Pecan Street (it was actually on the southwest corner), it is clear that he was trying to describe and secure the annexation of the property in question. It is undisputed that the annexation ordinance correctly described the property. Under the circumstances here we think that *City of Adel v. Ga. Power Co.,* 224 Ga. 232 (161 SE2d 297) (1968), relied upon by appellants, is inapplicable. Furthermore, the Supreme Court has recently espoused a broader interpretation of the legislative intent in enacting Code Ann. § 69-902, stating that "In reviewing the question of annexation by

municipalities in this state we must conclude that the General Assembly intended that a liberal policy apply in this area. The General Assembly has made several methods available and has apparently sought to leave such matters primarily under local control. When this court has applied a strict interpretation of these methods, as in *City of Adel v. Georgia Power Co.,* supra, and *Plantation Pipe Line Co. v. City of Bremen,* 227 Ga. 1 (178 SE2d 868), the General Assembly has promptly amended the statutes to overcome such court enunciated limitations." *City of Gainesville v. Hall County Bd. of Ed.,* 233 Ga. 77, 80 (209 SE2d 637) (1974).

2. Having upheld the annexation of appellants' property to the City of Cordele, it is unnecessary to consider the validity of the Crisp County zoning regulation here attacked.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED SEPTEMBER 20, 1977 — REHEARING DENIED SEPTEMBER 30, 1977 —

*Rogers & McCord, John D. McCord, III,* for appellants.

*Hurt & Pfeiffer, James W. Hurt, Roberts, Roberts & Rainwater, Guy Velpoe Roberts,* for appellees.