## 32715. PAULDING COUNTY v. CITY OF HIRAM et al.

MARSHALL, Justice.

The appellant, Paulding County, brought this suit against the appellee, the City of Hiram, contesting the validity of various annexation ordinances passed by the Hiram City Council in October of 1976.[1] The annexation ordinances were enacted under the "100% method of annexation" authorized by Code Ann. § 69-902 (Ga. L. 1962, p. 119; 1969, p. 504). They are so-called "stem" or "spoke" annexations which this court, in *City of*

---

[1] The Paulding Superior Court had previously declared void other annexation ordinances, annexing some of the same tracts of land that are involved in this case, because no surveys of the territory to be annexed had been filed as a part of the ordinances, as Code Ann. § 69-902 requires.

*Gainesville v. Hall County Bd. of Ed.*, 233 Ga. 77 (209 SE2d 637) (1974), held to be authorized by Code Ann. § 69-903 (Ga. L. 1962, p. 119) (which contains the contiguity requirement for the 100% method).

The county sought a declaratory judgment declaring the annexation ordinances void, an injunction enjoining the mayor and city council from continuing in their efforts to adopt such annexations, and monetary damages for the city's wrongful collection of malt beverage, beer, wine, and liquor taxes.[2]

The findings of the trial court show that, through enactment of the ordinances under attack, the City of Hiram annexed the right-of-way of State Highway 92 South for a distance of .55 miles from the original corporation boundaries. The right-of-way of State Highway 92 North was also annexed for a distance of .55 miles from the original corporate boundaries to the intersection of State Highway 92 and U. S. Highway 278. The right-of-way of Highway 278 West was annexed for a distance of 2.81 miles from that intersection, and the right-of-way of Highway 278 East was annexed for a distance of .8 miles from the intersection. Various tracts of land contiguous to the annexed portions of these highways were then annexed by the city.

The undisputed purpose of these annexations was the issuance of malt beverage and liquor licenses to businesses in the annexed areas and the consequent receipt of tax revenues by the city.[3]

---

[2] Various wholesalers of malt beverages doing business in Paulding County sought to intervene in this action, pursuant to Code Ann. § 81A-124, and file a bill of interpleader under Code Ann. § 37-1503, because of uncertainty as to whether to remit malt beverage taxes collected from retailers to the city or the county. After finding the county's claim for taxes against the city to be without merit, the trial court denied intervention.

[3] It appears that the City of Hiram has a liquor sales ordinance as well as a malt beverage sales ordinance, whereas Paulding County has only the latter.

Considering both the natural affinity between the annexed territories and the original municipal boundaries, as well as the municipal services available to inhabitants of the annexed areas, the trial judge found annexation of the tracts contiguous to Highway 92 North and South reasonable as a matter of fact and annexation of the tracts contiguous to Highway 278 East and West unreasonable as a matter of fact. However, the trial judge concluded that the factual unreasonableness of some of the ordinances was immaterial under our decision in *City of Gainesville,* 233 Ga. 77, supra. Accordingly, the trial judge sustained the validity of each of the ordinances. This appeal follows. *Held:*

This appeal contains five enumerations of error.

1. The first four enumerations of error complain of various findings by the trial judge, which conclude that "all annexation ordinances in issue were properly and legally enacted procedurally." However, the only enumeration supported by argument and citation of existent authority, as required by Rule 18 (c) (2) of this court, concerns the question of whether the special meeting of the city council at which the annexation ordinances were passed was properly called.

The appellant argues that the annexation ordinances are invalid for the reason that they were enacted at a special meeting of the city council called by one of the councilmen rather than the mayor, as the city charter requires.

The trial judge found, contrary to the appellant's argument, that the special meeting was properly called by the mayor pro tempore after the mayor had informed the council that she would be out of the state and not available to participate in any meetings during this period.

The appellant relies on Section 16 of the charter for the City of Hiram (Ga. L. 1956, p. 2633) which provides that, "the mayor shall have power to convene the council in special session whenever he deems proper." However, Section 17 of the city charter (Ga. L. 1956, p. 2633) authorizes the mayor pro tempore to perform all the duties and exercise all the rights, power and privileges of the office of mayor in the event the mayor is absent,

disabled, or disqualified. In the absence of the mayor, the mayor pro tempore was, therefore, authorized to call the special meeting, at which the annexation ordinances were passed.

*Tanksley v. Foster,* 227 Ga. 158 (2) (179 SE2d 257) (1971), cited by the appellant, is distinguishable. That case involved a resolution allegedly passed by the City Council of Blairsville. Section 7 of the charter for the City of Blairsville (Ga. L. 1952, pp. 2089, 2090) authorized the mayor to call special meetings of the city council, composed of five councilmen and the mayor. We held invalid a resolution passed at a special meeting called by one of the councilmen which was attended by only two other councilmen (they were the only two who were given notice of the meeting). *Tanksley* did not involve the authority of the mayor pro tempore to call a special council meeting in the mayor's absence and, therefore, provides no answer to the procedural question raised here.

2. The appellant's main argument, contained in the fourth enumeration of error, is that the trial judge erred in holding that the city could properly annex these tracts of land, under the authority of *City of Gainesville,* 233 Ga. 77, supra.

In the *City of Gainesville* case, the Hall County Board of Education had brought suit against the City of Gainesville to declare void various annexation ordinances passed by the city. The effect of the annexations was to remove the annexed tracts from the tax digest of property subject to the county school tax and make them subject to the city school tax. The annexations were accomplished under the "100% method of annexation." Using this method, the city had annexed various streets, roads, and highways into the city limits and then annexed areas contiguous to the aforementioned streets, roads, or highways where the property owner applied for and agreed to the annexation. This court noted that its decision turned upon the interpretation of the word "contiguous" in Code Ann. § 69-903 (Ga. L. 1962, p. 119). A divided court reversed the trial court's ruling that the legislative intent was to allow annexation of the width and not the length of a road. It was held that the annexations under consideration met the contiguity

requirement of Section 69-903.

In its 1976 session, the General Assembly amended Code Ann. § 69-903 (Ga. L. 1976, p. 1011, effective January 1, 1977) which now provides in pertinent part, that, "Contiguous area shall mean any area . . . which would directly abut the municipal boundary if not otherwise separated . . . *by the definite width of:* (a) any street or street right-of-way." (Emphasis supplied.)

The critical questions in this appeal are whether the *City of Gainesville* decision is distinguishable and, if not, whether it should be reconsidered.

We have determined that in enacting these annexation ordinances, the city had a right to rely on the *City of Gainesville* decision. We determine, therefore, that *City of Gainesville* should not be reconsidered at this juncture and, furthermore, that it is indistinguishable and controlling.

The stem or spoke method which it approves was used in this case to enact the annexation ordinances under attack. The purpose of the annexations there was to take various tracts of land off the tax rolls of the county school system and place them on the tax rolls of the city school system. The purpose of the annexations here is the issuance of retail liquor licenses to businesses in the annexed areas. The annexations are no more, nor any less, "reasonable" in one case than in the other.

The *City of Gainesville* decision contains the implicit, if not express, conclusion that the only requirements that need be met to sustain the validity of annexations under the 100% method are those found in the annexation statute. "Under this [the 100%] method of annexation the only property involved is that of the owner who applies for annexation. It merely gives him a free election as to whether to have it within or without the municipality provided it is contiguous to an area of the city and the city is willing to annex. Any other interpretation of the legislative intent would be to deprive the owner of such land of this right of election." *City of Gainesville,* supra, p. 79.

Although by the weight of authority courts will judge the validity of attempted annexations through the rule of reason, such judicial oversight is not appropriately

exercised where the annexation statute specifies all of the circumstances governing annexation. 1 Antieau, Municipal Corporation Law, 1A-71, § 1A.47. See generally, 1 Tokley, Municipal Corporations, 68, § 34 (1976 Cum. Supp.); 2 McQuillin, Municipal Corporations, 385, § 7.23 (3d Ed., 1966 Rev.).

The appellant asks, nonetheless, that these annexation ordinances be struck down on the ground that they are "unreasonable." We are cited by the appellant to numerous cases which contain the requirement that municipal ordinances be reasonable. E.g., *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975); *Plantation Pipe Line Co. v. City of Bremen,* 227 Ga. 1 (178 SE2d 868) (1970); *Great A&P Tea Co. v. Columbus,* 189 Ga. 458 (6 SE2d 320) (1939); *Metropolitan Street R. Co. v. Johnson,* 90 Ga. 500 (16 SE 49) (1892); *Central R. & Bkg. Co. v. Brunswick & W. R. Co.,* 87 Ga. 386 (13 SE 520) (1891).

However, the real question which this argument raises, as the appellees suggest, is what rights of the appellant are being unreasonably infringed. The appellant advances a strong argument that allowance of such annexations negates the local option granted the voters of the county under Code Ann. § 58-1002 (Ga. L. 1937-38, Ex. Sess., pp. 103, 105; 1972, pp. 207, 208) to determine whether liquor licenses should be issued to its citizens. This argument is not easily dismissed. However, as we view it, this result is an inevitable consequence of the stem or spoke annexation method.[4] We are not authorized to strike down the annexation ordinances because of the purpose of the municipality in passing them. See *Barr v. City Council of Augusta,* 206 Ga. 750 (4) (58 SE2d 820) (1950).

The learned trial judge was correct in his perception of the issues involved in this case, and his judgment is affirmed.

---

[4] There are statutory safeguards to ensure that annexations by a municipality do not unreasonably restrict the growth of surrounding municipalities. See Code Ann. § 69-1402 (Ga. L. 1963, p. 251; 1967, p. 718; 1971, p. 90).

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., Hall and Bowles, JJ., who dissent.*

ARGUED SEPTEMBER 20, 1977 — DECIDED NOVEMBER 28, 1977.

*Fudger, Foster & Vinson, Arthur W. Fudger,* for appellant.

*Jeffrey B. Talley, Paul L. Hanes,* for appellees.

*Harold Sheats, John Paul Jones, William A. Ingram, Neel & Smith, Frank D. Smith, Jr.,* amicus curiae.