37755. COOPER et al. v. CITY OF GAINESVILLE.

MARSHALL, Justice.

The plaintiffs are residents, taxpayers, and property owners in unincorporated Hall County. They filed this complaint in the Hall Superior Court, seeking to have declared invalid and void two annexation ordinances enacted by the City of Gainesville.

The case was decided by the superior court under the following stipulation of facts: The subject properties are tracts and rights-of-way annexed by the City of Gainesville in Municipal Ordinances Numbers 79-22 and 79-24, which were enacted on July 17, 1979. The annexed property was adjacent to the then-existing corporate limits of the City of Gainesville, except for being separated from said corporate limits by the width of McEver Road or Browns Bridge Road. The property adjacent to McEver Road, which represented the previously existing corporate limits of the City of Gainesville, had been annexed into the City of Gainesville pursuant to the so-called 100% annexation method set forth in Code Ann. § 69-902 (Ga. L. 1962, p. 119; Ga. L. 1969, p. 504). The property annexed under Municipal Ordinances Numbers 79-22 and 79-24 was also annexed under the 100% method.

Code Ann. § 69-902 authorizes municipalities to annex areas contiguous to the existing corporate limits upon application of all of the owners of all of the land, except the owners of any public street,

road, highway or right-of-way. The definition of contiguity is contained in Code Ann. § 69-903.

The superior court found that the property adjacent to Mc-Ever Road, which represented the corporate limits of the City of Gainesville prior to present annexations, was annexed by the "stem" or "spoke" method of annexation. In *City of Gainesville v. Hall County,* 233 Ga. 77 (209 SE2d 637) (1974), this court held "stem" or "spoke" annexation to be authorized under the definition of contiguity found in former Code Ann. § 69-903 (Ga. L. 1962, p. 119).

Former Code Ann. § 69-903 defined "contiguous area" to mean any area which either abutted directly on the municipal boundary or was separated from the municipal boundary by a street or street right-of-way. In *City of Gainesville v. Hall County,* supra, this court held that under the foregoing definition of contiguity, the municipalities were authorized to annex property under the "stem" or "spoke" method of annexation. Under "stem" or "spoke" annexation, a municipality will annex the length of a road and then annex parcels of land contiguous to the road. However, in 1976 the General Assembly reenacted Code Ann. § 69-903 (Ga. L. 1976, p. 1011) so as to define "contiguous area" to mean any area which abuts directly on the municipal boundary or which would directly abut the municipal boundary if not otherwise separated from the municipal boundary by, among other things, the definite *width* of any street or right-of-way. See *Paulding County v. City of Hiram,* 240 Ga. 220, 224 (240 SE2d 71) (1977).

However, the superior court ruled that this affords no basis for declaring invalid the present annexation ordinances. It is stated in the superior court's order: "It has been stipulated by the parties that the property annexed lies across the width of McEver Road, which abuts the municipal boundary of Gainesville. As a result, the property annexed comes within the meaning of 'contiguous,' as defined in Ga. Code Ann. § 69-903. This court has no alternative but to conclude that the annexation under the Municipal Ordinances is a legal exercise of the power of annexation by the City of Gainesville, however unwise it may be." We agree.

It was held in *Plantation Pipe Line Co. v. City of Bremen,* 227 Ga. 1 (178 SE2d 868) (1970), that under the 1954 Municipal Home Rule Amendment to the Georgia Constitution of 1945,[1] the General Assembly was authorized to delegate the power of annexation to municipalities under Code Ann. § 69-902. We reject the appellant's request that we overrule *Plantation Pipe Line.*

---

[1] The 1954 Municipal Home Rule Amendment was contained in Art. XV, Sec. I, Par. I of the Georgia Constitution of 1945 (Code Ann. § 2-8301). The Municipal

*Judgment affirmed. Jordan, C.J., Hill, P.J., Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 30, 1981.

*James M. Walters,* for appellants.
*Smith, Smith & Frost, John H. Smith, Charles S. Wynne,* for appellee.

---

Home Rule Amendment is found in Art. IX, Sec. III, Par. I of the Georgia Constitution of 1976 (Code Ann. § 2-6001). One of the clauses in the 1954 amendment was omitted from the 1976 Constitution. See Code Ann. § 2-6001, Editorial Note.