A00A1897. H-B PROPERTIES, LTD. et al. v. CITY OF ROSWELL et al.
(545 SE2d 37)

JOHNSON, Presiding Judge.

The question presented is whether the City of Roswell and Fulton County correctly followed the statutory requirements for annexation by resolution and referendum.[1] H-B Properties, Ltd. and Dale Nesbit brought this declaratory judgment action seeking to void the annexation by the City of Roswell of approximately 3,135 acres of land in unincorporated Fulton County. The trial court found the annexation valid and ordered the City to assume jurisdiction of the annexed area on December 17, 1999. On appeal, the plaintiffs claim that the trial court erred in upholding the annexation. We disagree and affirm.

Prior to trial, the parties entered into a stipulation of facts, which was adopted by the trial court in its order. On appeal, the application of law to undisputed facts is subject to de novo review.[2]

The record shows that the City of Roswell decided to annex an area of land located on the eastern side of the City along Holcomb Bridge Road, consisting of three voting precincts. The City decided to annex the land by resolution and referendum in accordance with the requirements set forth in OCGA §§ 36-36-50 through 36-36-61. The City directed the preparation of a survey plat showing the area to be annexed.

The area under consideration received governmental services

---

[5] See OCGA § 17-2-2 (a).
[1] OCGA §§ 36-36-50 through 36-36-61.
[2] *Vansant v. State,* 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

from Fulton County and so was not eligible for annexation by referendum unless the County agreed to waive the statutory prohibition against it.[3] The County, by resolution dated July 7, 1999, approved the annexation referendum for the area shown on an attached map. On July 19, 1999, the Mayor and Council of the City of Roswell adopted a resolution expressing the intent to annex by resolution and referendum the land shown in the attached survey and designating September 8, 1999, as the date for the public hearing to consider the annexation proposal.

After the City's July 19, 1999 resolution, the Chairman of the Fulton County Commission asked the mayor to remove a portion of the property upon which was located a "sports bar" from the area under consideration for annexation. The chairman testified that the bar would otherwise suffer economic hardship because the County allows bars to serve drinks until 4:00 a.m., as opposed to 2:00 a.m. in the City. A revised map dated August 11, 1999, was created to exclude the shopping center containing the bar. The notice of the public hearing referred to the map reflecting the August 11, 1999 revisions. The mayor and city council passed a motion following the public hearing authorizing the annexation by referendum of the land reflected by the August 11, 1999 map. The referendum was held on November 2, 1999, and a majority of those voting voted in favor of the annexation. The parties stipulated that the Fulton County Board of Commissioners took no action to approve or disapprove the deletion of the shopping center from the annexation territory identified in their July 7, 1999 resolution.

1. Although plaintiffs urge us to strictly construe the statute allowing annexation by resolution and referendum, the standard of interpretation used by our Supreme Court in *City of Gainesville v. Hall County Bd. of Ed.*[4] reflects a less restrictive approach:

> In reviewing the question of annexation by municipalities in this state we must conclude that the General Assembly intended that a liberal policy apply in this area. The General Assembly has made several methods available and has apparently sought to leave such matters primarily under local control. When this court has applied a strict interpretation of these methods, . . . the General Assembly has promptly amended the statutes to overcome such court

---

[3] OCGA § 36-36-54 (b) (4).

[4] 233 Ga. 77, 80 (2) (209 SE2d 637) (1974). See also *Higdon v. City of Senoia*, 273 Ga. 83 (538 SE2d 39) (2000) (reaffirming the General Assembly's liberal policy in the area of annexation by municipalities).

enunciated limitations.[5]

The plaintiffs claim that the deletion of the shopping center from the annexation territory, identified in the July 7, 1999 resolution of the Fulton County Board of Commissioners and in the July 19, 1999 resolution of the Mayor and Council of the City of Roswell, renders the subsequent annexation referendum invalid. With respect to the County, they argue that the deletion violates the requirement that Fulton County approve the annexation of all unincorporated land then receiving governmental services from the County.[6] However, when the Board of Commissioners of Fulton County approved the annexation of the area presented to it at its July 7, 1999 meeting, its approval encompassed all of the area which was subsequently presented to the voters in the referendum. We do not agree that the removal of a small portion of the land to be annexed to the City voided the County's approval with respect to the remaining land.

Plaintiffs also argue that, short of passing a new resolution and restarting the annexation process, the City had no legal power to change the territory subject to annexation after the adoption of the initial annexation resolution required by OCGA § 36-36-57 (a). Plaintiffs also point to OCGA § 36-36-58, which requires that the "municipal corporation shall issue a call for referendum to ratify or reject the adoption of the annexation resolution." They contend that the statute refers to the City's July 19, 1999 resolution and that it was unlawful to make a call for referendum to annex any territory which did not exactly coincide with the territory approved in that resolution. However, the statutory scheme is not as restrictive as the plaintiffs suggest:

> Any municipal governing body desiring to annex territory pursuant to this article shall first pass a resolution stating the intent of the municipal corporation to *consider* annexation. The resolution shall describe the boundaries of the area *under consideration* and fix a date for a public hearing on the question of annexation.[7]

The use of "under consideration" weighs against a finding that the statute requires that the area to be annexed be set forth in finality when an initial resolution is passed. In any case, the governing body of the City did approve the boundaries of the annexation territory actually submitted to the voters. At the public hearing on the annex-

---

[5] Id.
[6] OCGA § 36-36-54 (b) (4).
[7] (Emphasis supplied.) OCGA § 36-36-57 (a).

ation question the mayor and city council adopted the following motion: "Mr. Dorves moved for approval of annexation by referendum of the acreage on the map presented by Mr. Jackson and moved that it be placed on the ballot in November. Mr. Joyner seconded the motion, and it was carried unanimously." We find this was a sufficient call for referendum under OCGA § 36-36-58.

We note that the map reflecting the deletion of the shopping center was referred to in the notice of public hearing, it was the map presented at the public hearing, and it was the map approved by the mayor and city council at the public hearing and later by a majority of the voters voting in the referendum. Applying the standard of interpretation of the statute required by *City of Gainesville*, and mindful that the City and a majority of voters expressed an intent to annex the territory reflected in the August 11, 1999 map into the City of Roswell, we hold that the minor differences between the area reflected in the August 11, 1999 map and the map attached to the July 19, 1999 resolution are not fatal to the annexation.

2. Plaintiffs claim that the City violated OCGA § 36-36-54 (e) when it designated the boundaries of the territory to be annexed into the City.

> In fixing new municipal boundaries, a municipal governing body shall, wherever practical, use natural topographic features, such as ridge lines, streams, and creeks, as boundaries. If a street is used as a boundary, the governing body shall, wherever practical, include within the municipal corporation land on both sides of the street; such outside boundary may not extend more than 200 feet beyond the right of way of the street, except to include all of a lot or parcel of land partially within 200 feet of the right of way.[8]

The boundaries of the annexed area do not correspond to natural topographic features, and a portion of the annexed area bounded by Nesbit Ferry Road and Holcomb Bridge Road do not encompass both sides of the street. Nevertheless, the annexed territory need conform to the suggested boundaries only "whenever practical," which indicates to us that these limitations on the establishment of boundaries are more directory than mandatory. The record shows that the City chose the annexation boundaries based on voting precincts, which would satisfy practical concerns with regard to identifying persons eligible to vote in the referendum, and also a desire to annex land by neighborhoods. These are not insubstantial considerations. We cannot say that it was incumbent upon the City to choose other bounda-

---

[8] OCGA § 36-36-54 (e).

ries for the annexed territory.

The trial court did not err in finding for the City of Roswell and Fulton County, and the judgment upholding the annexation by resolution and referendum is affirmed.

3. The City of Roswell filed a motion to dismiss and to supplement the record. This was based upon the adoption by the General Assembly in its 2000 session of local legislation (Ga. L. 2000, p. 3844) amending the Charter of the City of Roswell and including a new legal description incorporating the territory in dispute here. The City argues that the local legislation conclusively settles the question of whether the disputed territory lies within its municipal boundaries. However, we find the plaintiffs' arguments to be more persuasive. They point out that the annexation, if upheld, is effective as of December 1, 1999, while the local legislation is effective on April 19, 2000, thus, at a minimum, presenting a difference in determining year 2000 ad valorem taxes. The plaintiffs also argue that if annexation by referendum was ineffective, the annexation by local law would also be ineffective by reason of OCGA § 36-36-16, which, plaintiffs maintain, would require a referendum in any case. We need not, however, consider that claim here.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 22, 2001 —
RECONSIDERATION DENIED FEBRUARY 7, 2001 — 

*Proctor & Chambers, Robert J. Proctor, Bradley A. Hutchins, Mary C. Hires,* for appellants.

*Michael E. Sullivan, Jill I. Seligman, William R. Turner, Larry W. Ramsey, Jr., Renee M. L'Eplattenier,* for appellees.