A04A0011. FAYETTE COUNTY v. STEELE et al.
(601 SE2d 403)

MILLER, Judge.

The City of Fayetteville annexed two parcels of property using the 100 percent method outlined in OCGA § 36-36-21. Fayette County filed a declaratory judgment action seeking to have the annexation declared null and void.[1] The County argued that the annexed property was not contiguous and therefore was not annexed in accordance with statutory guidelines. Following a hearing, the trial court found that the property was, in fact, contiguous, and denied the County the relief sought.[2] We discern no error and affirm.

The facts are undisputed here, and on appeal the application of law to these facts is subject to de novo review. *H-B Properties v. City*

[7] *Boykin v. State*, 264 Ga. App. 836, 841 (4) (592 SE2d 426) (2003).

[1] Fayette County filed the complaint naming as defendants the mayor of Fayetteville and the individual members of the Fayetteville City Council. Thomas Enterprises, Inc. (the landowner), later moved to intervene in the case and was added as a defendant.

[2] On May 27, 2003, the County filed its notice of appeal from the trial court's April 29 ruling and on the same day filed with the trial court a "MOTION TO RECONSIDER AND/OR CORRECT ORDER AND JUDGMENT." Following a brief hearing, the trial court purported to vacate its April 29 order and substitute the April 15, 2003 hearing transcript as the court's order. However, the filing of a notice of appeal serves as supersedeas and deprives the trial court of jurisdiction to modify or alter the judgment in the case pending the appeal. See OCGA § 5-6-46 (a); see also *In re Estate of Zeigler*, 259 Ga. App. 807, 808 (1) (578 SE2d 519) (2003). Therefore, any subsequent proceeding purporting to amend or modify the judgment is without effect. See *Anaya v. Brooks Auto Parts*, 208 Ga. App. 491, 493 (1) (430 SE2d 825) (1993).

*of Roswell*, 247 Ga. App. 851 (545 SE2d 37) (2001). The record shows that the City annexed two parcels of land owned by a private landowner. Prior to annexation, the landowner excepted a ten-foot strip of land from the parcels in order to avoid creating an unincorporated island. See OCGA § 36-36-4 (a) (prohibiting the creation of an unincorporated island). The County objected and sought a declaratory judgment on the ground that by excepting the ten-foot strip of land, the City violated the requirement of OCGA § 36-36-20 (a) that annexed property be contiguous with the City's property.[3] The trial court, in denying declaratory relief to the County, found that the parcels were contiguous and that the ten-foot strip was excepted to prevent the creation of an unincorporated island.

In reviewing the question of annexation by a municipality in this state we must conclude that the General Assembly intended that a liberal policy apply in this area. *H-B Properties*, supra, 247 Ga. App. at 852 (1). "The General Assembly has made several methods available and has apparently sought to leave such matters primarily under local control. When this court has applied a strict interpretation of these methods, the General Assembly has promptly amended the statutes to overcome such court[-]enunciated limitations." (Punctuation and footnote omitted.) Id. at 852-853 (1). Both the City and the County correctly acknowledge that had the ten-foot strip remained, an unincorporated island would have been created. See OCGA § 36-36-4 (a). The County argues, however, that because the ten-foot strip was excepted, the landowner did not seek to annex *all* of his property as required by OCGA § 36-36-20 (a) (2). OCGA § 36-36-20 (a) provides that:

> the term "contiguous area" means, at the time the annexation procedures are initiated, any area that meets the following conditions:
>
> (1) At least one-eighth of the aggregate external boundary or 50 feet of the area to be annexed, whichever is less, either abuts directly on the municipal boundary or would directly abut on the municipal boundary if it were not otherwise separated from the municipal boundary by lands owned by the municipal corporation or some other political subdivision, by lands owned by this state, or by the definite width of: (A) Any street or street right of way; (B) Any creek or river;

---

[3] For reasons not clear in the record, it does not appear that the County availed itself of the statutory procedures applicable when a county has a "bona fide land use classification objection." See OCGA § 36-36-11. Nor does it appear that the County attempted to resolve the matter pursuant to the dispute resolution process. See OCGA § 36-70-24 (4) (C).

or (C) Any right of way of a railroad or other public service corporation which divides the municipal boundary and any area proposed to be annexed;

(2) The entire parcel or parcels of real property owned by the person seeking annexation is being annexed; *provided, however, that lots shall not be subdivided in an effort to evade the requirements of this paragraph. . . .*

(Emphasis supplied.) Subsection (a) (2) defines contiguous for the purpose of annexation as requiring a property owner to seek annexation of his entire parcel and precludes the subdivision of lots to avoid the "entire" property requirement. Here, the ten-foot strip was excepted not in an effort to evade the "entire parcel" requirement, but to annex the property without creating an unincorporated island in violation of OCGA § 36-36-4 (a).

There is no showing here that the landowner subdivided the property in an attempt to evade the requirements of OCGA § 36-36-20 (a) (2), and we decline to reach a conclusion that would, in effect, leave the landowner in this case no way of having his property annexed. Cf. *City of Buford v. Gwinnett County*, 262 Ga. App. 248, 250-251 (1) (585 SE2d 122) (2003) (this Court declined to reach a holding that would limit a city's power of annexation to the boundaries set by a creek next to a railroad right-of-way or by a state road next to a piece of county property).

Assuming solely for the sake of argument that the filing of the declaratory judgment action was proper, we hold that the trial court correctly determined that the annexations at issue complied with the contiguity requirements of OCGA § 36-36-20 and properly upheld the validity of the two ordinances in question. The judgment is therefore affirmed.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 18, 2004.

*McNally, Fox & Grant, Dennis A. Davenport*, for appellant.
*Oliver & Winkle, David P. Winkle, Brad C. Parrott, Powell, Goldstein, Frazer & Murphy, John W. Harbin*, for appellees.