**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 5, 2020**

# In the Court of Appeals of Georgia

A20A1511. CHEROKEE COUNTY, GEORGIA v. INLINE COMMUNITIES, LLC et al.

MILLER, Presiding Judge.

The City of Woodstock, Georgia, annexed approximately 145.96 acres of land in previously unincorporated Cherokee County at the request of the owners of that land. The County filed a petition to challenge this annexation, and it now appeals from the trial court's order granting summary judgment and upholding the validity of the annexation. We conclude that this annexation meets all of the relevant criteria under OCGA § 36-36-20 (a) because (1) the entire annexation area has a sufficiently long border with the existing city limits; (2) the annexation area includes only whole "parcels" of land; and (3) the annexation area is sufficiently large. We therefore affirm the trial court's grant of summary judgment.

"Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment." (Citations omitted.) *Calloway v. City of Fayetteville*, 296 Ga. App. 200 (674 SE2d 66) (2009).

> In reviewing the question of annexation by a municipality in this state we must conclude that the General Assembly intended that a liberal policy apply in this area. The General Assembly has made several methods available and has apparently sought to leave such matters primarily under local control. When this [C]ourt has applied a strict interpretation of these methods, the General Assembly has promptly amended the statutes to overcome such court-enunciated limitations.

(Citations and punctuation omitted.) *Fayette County v. Steele*, 268 Ga. App. 13, 14 (601 SE2d 403) (2004).

This appeal concerns the City's annexation of an area that consists of three parcels of property that were previously located in unincorporated Cherokee County. The three parcels of property are respectively owned by (1) Greater North Georgia Charities, Inc. ("GNGC"); (2) David Porter; and (3) the Estate of Arnold Goldberg and Havgol, LLC. The GNGC property is 10.11 acres in size and has a border of 378.43 feet with the pre-existing City boundary. The Porter property is 5.53 acres in size and is located between the GNGC property and the Goldberg property. The

2

Goldberg property is approximately 127 acres in size and thus constitutes the vast majority of the area to be annexed. Appellee Inline Communities, LLC is a real estate developer which is seeking to construct a residential subdivision on the Goldberg property.

In December 2018, Inline Communities submitted a revised application to the City for it to annex the three properties using the "100% method" of annexation.[1] The County timely informed the City of its objection to the annexation. The City voted to approve the annexation over the County's objection, and on June 10, 2019, the City passed an ordinance to recognize the annexation.

The next day, the County filed the instant action against Inline Communities, the property owners, and various city officials, seeking declaratory and injunctive relief on the basis that the annexation was void because it did not follow the requisite statutory requirements. The defendants each filed motions for summary judgment. Following a hearing, the trial court granted the defendants' motions for summary judgment. This appeal followed.

---

[1] The "100% method" is so named because it requires that 100% of the landowners involved join the application for annexation. OCGA § 36-36-21.

3

1. The County first argues that OCGA § 36-36-20 requires that the land to be annexed have a border with the existing City limits that is greater than 50 feet long and that the boundary requirement was not met in this case because there is a fact issue as to whether the boundary between the GNGC property and the Porter property is greater than 50 feet.[2] The County thus argues that, if this boundary is less than 50 feet, then it is insufficient to meet the statutory requirements. We conclude that this argument is belied by the plain language of the statute.

Under the "100% method" that was used to annex the property here, Georgia municipalities may "annex to the municipality's existing corporate limits contiguous unincorporated areas upon the written and signed applications of all of the owners of all of the land[.]" *Scarbrough Group v. Worley*, 290 Ga. 234, 235 & n.1 (719 SE2d 430) (2011). To qualify as a "contiguous unincorporated area" eligible for annexation under this method, the Georgia code sets out three requirements:

> (1) At least one-eighth of the aggregate external boundary or 50 feet of the area to be annexed, whichever is less, either abuts directly on the municipal boundary or would directly abut on the municipal boundary

---

[2] One side of the boundary between the GNGC property and the Porter property ends at a river, and so the fact dispute between the parties arises from the different ways that could be used to mark the shoreline of the river and thus mark the end of the boundary.

4

if it were not otherwise separated from the municipal boundary by lands owned by the municipal corporation or some other political subdivision, by lands owned by this state, or by the definite width of:

(A) Any street or street right of way;

(B) Any creek or river; or

(C) Any right of way of a railroad or other public service

corporation which divides the municipal boundary and any area proposed to be annexed;

(2) The entire parcel or parcels of real property owned by the person seeking annexation is being annexed; provided, however, that lots shall not be subdivided in an effort to evade the requirements of this paragraph; and

(3) The private property annexed, excluding any right of way of a railroad or other public service corporation, complies with the annexing municipality's minimum size requirements, if any, to construct a building or structure occupiable by persons or property under the policies or regulations of the municipal development, zoning, or subdivision ordinances.

OCGA § 36-36-20 (a).

We first note that the statute requires that "the area to be annexed" needs to have a border with the existing city limits of at least 50 feet. OCGA § 36-36-20 (a) (1). The GNGC Property has a border with existing city limits of 378.43 feet, which is clearly more than the 50 feet the statute requires. Thus, the "area to be annexed," viewed as a whole, meets this boundary requirement.

The County nevertheless argues that the border between the GNGC property and the Porter property must also meet this 50-feet requirement because the property owners should not be allowed "to do in a bulk annexation what you could not otherwise do with individual annexations." This, however, is precisely what the statute allows. In addition to the boundary requirement referring to the "area to be annexed" as opposed to the individual properties to be annexed, the statute specifically provides that "[l]ands to be annexed at any one time *shall be treated as one body*, regardless of the number of owners, and all parts shall be considered as adjoining the limits of the municipal corporation when any one part of the entire body abuts such limits." (Emphasis supplied.) OCGA § 36-36-21. In analyzing a prior version of this statute with identical language, we have previously concluded that this sentence means exactly what it says: we look to the entire area to be annexed as a whole to see if the border requirement has been met. *City of Holly Springs v.*

6

*Cherokee County*, 299 Ga. App. 451, 456-457 (2) (682 SE2d 644) (2009) (analyzing OCGA § 36-36-2 (a) (1976)). In light of these statutory provisions, and because all three properties are contiguous, the precise length of the boundary between the Porter property and the GNGC property is not relevant for purposes of OCGA § 36-36-20 (a) (1).

The County further asserts that the annexation should be disallowed because it is a "spoke and stem annexation," which it argues is forbidden under the current version of the statute. The term "spoke and stem annexation" usually describes an annexation of a property that was connected to the rest of the city only by a road, part of a road, or a sidewalk. See *City of Holly Springs*, supra, 299 Ga. App. at 455-457 (2). Such annexations are indeed forbidden under the current statute, see id., but, in any event, that situation is not present here because none of the boundaries of the properties at issue involve roads or other public rights of way. See OCGA § 36-36-21 ("Except as provided in subsection (c) of Code Section 36-36-20, nothing in this article shall be construed to authorize annexation of the length of any public right of way except to the extent that such right of way adjoins private property otherwise annexed by the municipal corporation.").

7

Finally, to the extent that the County argues that we should not permit annexations such as the one here as a matter of good policy, we note that our appellate courts have routinely rejected such policy arguments. See *Paulding County v. City of Hiram*, 240 Ga. 220, 224 (2) (240 SE2d 71) (1977) ("[Our prior case law] contains the implicit, if not express, conclusion that the only requirements that need be met to sustain the validity of annexations under the 100% Method are those found in the annexation statute. Under this (the 100%) method of annexation the only property involved is that of the owner who applies for annexation. It merely gives him a free election as to whether to have it within or without the municipality provided it is contiguous to an area of the city and the city is willing to annex. Any other interpretation of the legislative intent would be to deprive the owner of such land of this right of election.") (citation and punctuation omitted); *City of Gainesville v. Hall County Bd. of Educ.*, 233 Ga. 77, 80 (2) (209 SE2d 637) (1974) ("The fact that such 'stem' or 'spoke' annexation will result in irregular and odd shaped city limits, as indeed it does here, is no basis for declaring such annexations void."); see also *Cooper v. City of Gainesville*, 248 Ga. 269, 270 (282 SE2d 322) (1981) (upholding the trial court's ruling that, because the annexed property came within the statute's definition of "contiguous," the annexation was legal, even if unwise); *City of Holly*

8

*Springs*, supra, 299 Ga. App. at 455-457 (2) (rejecting challenge to alleged "spoke or stem annexation" because the annexed property met the statutory definition of "contiguous"). Because the annexation at issue met the statutory boundary requirement, the trial court correctly granted summary judgment in this respect.

2. Next, the County argues that the trial court incorrectly determined that the annexation involved "[t]he entire parcel or parcels of real property owned by the person[s] seeking annexation. . . ." OCGA § 36-36-20 (a) (2). The County argues that the Porter property does not meet this requirement because Porter owns another property that is not being annexed that is close to his property that is being annexed. The County argues that Porter's two properties should be treated as one "parcel" under the statute because the properties were both given to Porter in the same deed and because the two properties are listed together under the same tax parcel identification number. Because Porter is not seeking to annex both properties, therefore, the County argues that the annexation of Porter's property is void. We conclude that this argument is not meritorious.

We first note that the deed that gave Porter ownership of the two properties clearly sets out that the two properties were entirely separate tracts of land, referring to one as "Tract One" and the other as "Tract Two," and the deed defined each tract

9

through entirely separate metes and bounds. Second, we have previously defined the terms "parcel of land" and "tract of land" as synonyms that both refer to "a contiguous quantity of land." (Citation omitted.) *Floral Hills Memory Gardens, Inc. v. Robb*, 227 Ga. 470, 472 (1) (181 SE2d 373) (1971). The two Porter properties at issue are not contiguous with each other, and so they cannot be considered part of the same "parcel" under this definition. Third, we note that multiple distinct parcels of property are frequently conveyed together under the same deed, see, e.g., *Atlanta Dev. Auth. v. Clark Atlanta Univ.*, 298 Ga. 575, 576 (784 SE2d 353) (2016) (one deed conveyed three distinct parcels of land), and so the fact that Porter's two properties were conveyed together in the same deed does not by itself have any bearing on whether the two properties are part of the same "parcel" or not. Finally, the county's tax records, standing alone, are not conclusive evidence of the status or boundaries of a property. See, e.g., *Resseau v. Bland*, 268 Ga. 634 (491 SE2d 809) (1997) (noting that trial court instructed the jury that "it was not to consider the tax maps as evidence of ownership of the depicted tracts but only as evidence of the county tax records"); *Maughon v. Lassiter*, 231 Ga. App. 705, 706 (500 SE2d 626) (1998) (expert witness admitted that a plat based upon tax records "can't establish where the [property] line actually is" when such plat was inconsistent with the description in the deed). From

this record, the trial court correctly determined that Porter's two properties constituted separate "parcels of real property."

The County also points to the phrase "[t]he entire parcel or parcels of real property owned by the person seeking annexation" and argues that this provision of OCGA § 36-36-20 (a) (2) requires that Porter annex the entire amount of real property in his possession, even if it constitutes multiple parcels, but we reject this interpretation. The statute's reference to "parcel or parcels" is simply a recognition that multiple parcels of land may be involved in an annexation. It is not a directive that a private property owner must annex all real property in his or her possession, regardless of the property's contiguity or spatial relation to the area sought to be annexed. Indeed, imposing such a requirement in this case would result in Porter's second property constituting an isolated municipal island that would be detached from the rest of the City limits, and we have previously concluded that the General Assembly did not intend to create such isolated islands. See *City of Buford v. Gwinnett County*, 262 Ga. App. 248, 251 (2) (585 SE2d 122) (2003) (annexation void where property held in fee simple separated annexation from existing city limits because "the General Assembly surely did not intend" for an annexation to create an "isolated municipal island").

11

Thus, we conclude that there is no genuine fact issue as to whether Porter's two properties constitute a single "parcel" under OCGA § 36-36-20 (a) (2), and the trial court properly granted summary judgment in this respect.

3. Finally, the County argues that the annexation does not satisfy OCGA § 36-36-20 (a) (3), which states that the annexation must "compl[y] with the annexing municipality's minimum size requirements, if any, to construct a building or structure occupiable by persons or property under the policies or regulations of the municipal development, zoning, or subdivision ordinances." The County argues that the GNGC Property cannot meet this requirement because no occupiable structure can be built on that property. This argument is also not meritorious because the record shows that occupiable structures may be built on the annexed area.

First, as noted above in Division 1, the statute provides that "[l]ands to be annexed at any one time shall be treated as one body, regardless of the number of owners," OCGA § 36-36-21, and occupiable structures can clearly be built on the entire annexation area. Indeed, the record shows that the whole point of this particular annexation is so that Inline Communities can build a residential subdivision on the Goldberg property. Second, even if OCGA § 36-36-20 (a) (3)'s requirements applied to each of the properties individually, the City's municipal code clearly provides that

12

"[p]rojects which involve an annexation are exempt from" its minimum size requirements, and the statute's use of the phrase "if any" clearly contemplates the existence of cities that do not have a minimum size requirement for annexed properties. OCGA § 36-36-20 (a) (3).

The County argues at length that OCGA § 36-36-20 (a) (3) requires more than a satisfaction of the minimum lot size requirements and that it also requires that each property actually meet all municipal requirements for the building of a structure "occupiable by persons or property." However, the County's reading of the statute is misplaced because OCGA § 36-36-20 (a) (3) only specifically refers to a "municipality's minimum size requirements," and we see nothing else in the statute that would mandate compliance with a municipality's building requirements generally. Thus, we conclude that the trial court properly determined that the annexation satisfied this prong of the statute.

For the reasons provided above, we conclude that the trial court properly determined that this annexation passed statutory muster. We therefore affirm the trial court's grant of summary judgment.

*Judgment affirmed. Mercier and Coomer, JJ., concur.*

13