54755, 54756. CITY OF CARTERSVILLE v. BARTOW COUNTY SCHOOL DISTRICT et al.; and vice versa.

BANKE, Judge.

This is a declaratory judgment action brought by the appellees and cross appellants, Bartow County and the Bartow County School District, to contest the validity of two annexation ordinances enacted by the appellant and cross appellee, the City of Cartersville. The case involves two tracts of land, both of which were sought to be annexed under the so-called 100 percent method, which requires the signed applications "of all the owners of all of the land . . . to be annexed . . ." See Code Ann. §§ 69-902, 69-903 (Ga. L. 1962, p. 119; 1969; p. 504). The city also utilized the so-called "stem" or "spoke" method which our Supreme Court held to be authorized in *City of Gainesville v. Hall County Bd. of Ed.,* 233 Ga. 77 (209 SE2d 637) (1974) and *Paulding County v. City of Hiram,* 240 Ga. 220 (240 SE2d 71) (1977). The trial court declared one of the annexations to be valid and the other to be invalid. Both sides appealed to the Supreme Court, which transferred the appeals to this court.

The annexation ordinances in question were enacted just prior to January 1, 1977, the effective date of a 1976 statute which amended Code Ann. § 69-903, supra, to prevent use of the "stem" or "spoke" annexation method. (Ga. L. 1976, p. 1011).

1. It was not error to deny the city's motion to dismiss for failure to state a claim. It is clear from the complaint that the county is faced with the immediate dilemma of whether to treat the contested areas as part of the county or as part of the city for purposes of administering services and collecting taxes. This places it in "a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably

jeopardize its interest." *Phoenix Assur. Co. v. Glens Falls Ins. Co.,* 101 Ga. App. 530, 532 (114 SE2d 389) (1960). See *Eberhardt v. Unigard Mut. Ins. Co.,* 142 Ga. App. 102 (235 SE2d 616) (1977). The city's reliance on *Gay v. Hunt,* 221 Ga. 841 (2) (148 SE2d 310) (1966) is misplaced. In that case, a declaratory judgment petition was held subject to demurrer because the controversy involved a factual dispute. This case involves only questions of law.

2. One of the annexed areas contained three lots which were to remain outside the city. These unannexed "islands" were owned by persons who had not signed applications for annexation. The trial court ruled that their signatures were required under Code Ann. § 69-902 in order for the annexation to be valid. We disagree.

Code Ann. § 69-902 requires only that the annexation application contain the signatures "of all of the owners of all of the land . . . *proposed to be annexed . . .*" (Emphasis supplied.) It further provides that "[l]ands to be annexed at any one time shall be treated as one body, regardless of the number of owners, and all parts shall be considered as adjoining the limits of the municipality when any one part of the entire body abuts such limits." This language allows several adjoining properties to be annexed in one annexation procedure so long as one of them adjoins the city limits. It imposes no requirement that all of the property located within the outer perimeter of such an area be included within the annexation, and we know of no authority for such a requirement. Indeed, if such a requirement did exist, it would accomplish nothing, since gaps or holes within the city limits could still be created by the enactment of separate annexation ordinances for each annexation application.

3. The trial court also ruled that the annexation of the area referred to in Division 2, supra, was invalid because it failed to contain the signatures of those holding interests in the property to be annexed under security deeds, lease agreements, and unrecorded deeds. Again, we disagree. There appears to be no reason why the word "owner" as used in Code Ann. § 69-902 should be given a different meaning from that set forth in Code Ann. § 69-904, in which the word is defined to mean "the record title holder of the fee simple title, or his legal

representative . . ." To require the city to obtain the approval of owners of other interests, particularly unrecorded ones, would place an enormous obstacle in the way of the annexation process; and in many cases, it would frustrate the procedure set forth in Code §§ 69-902, 69-903 entirely. This, in turn, would controvert the clear intention of the General Assembly that a "liberal policy apply" in the field of annexation. *City of Gainesville v. Hall County Bd. of Ed.*, supra, p. 80. See also Opinion of Attorney General U72-105 (Oct. 23, 1972) (concluding that the term "owners" does not include grantees of security deeds).

4. The action of the city council in specifying the zoning classifications of the newly annexed areas in the resolutions adopting the annexation ordinances did not invalidate the annexation procedure. Even assuming arguendo that the city did not follow proper procedures in adopting these zoning classifications, this could affect only the validity of the zoning, not the validity of the annexations.

5. The county also urges that the annexation ordinances are void because they violate the Georgia Constitutional Services Provision (Code Ann. § 2-7901a (1945), § 2-6102 (1976)), which prohibits cities and counties from providing water and sewer services inside each other's service areas except by contract with each other. No authority is cited in support of this proposition, and we know of none. Such an interpretation of the Constitutional Services Provision would not only be strained, it would also prevent all city annexations into county water and sewer service areas absent a prior contractual agreement with the county. This would virtually nullify the effect of Code §§ 69-902, 69-903. We decline to adopt such an interpretation.

6. The county's final argument is that the annexations in this case are so arbitrary and unreasonable as to be void. "Although by the weight of authority courts will judge the validity of attempted annexations through the rule of reason, such judicial oversight is not appropriately exercised where the annexation statute specifies all of the circumstances governing annexation. [Cits.]" *Paulding County v. City of*

*Hiram,* 240 Ga. 220, supra, 224. Furthermore, we have not been made aware of any consequence of these annexations which is uncommon or atypical of any such annexation by a city of an area formerly administered by a county government.

7. For the reasons above stated, the trial court erred in failing to uphold the validity of both annexations. The trial court's order is accordingly affirmed with respect to the annexation ordinance upheld and reversed with respect to the annexation ordinance declared invalid.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Shulman, J., concur.*

ARGUED NOVEMBER 8, 1977 — DECIDED FEBRUARY 21, 1978 — REHEARING DENIED MARCH 7, 1978 — CERT. APPLIED FOR.

*Archer, Elsey & Vaughan, David G. Archer, Arthur K. Bolton, Attorney General, R. Douglas Lackey, Assistant Attorney General,* for appellant.

*William A. Ingram, Crane & Jones, John Paul Jones, Neel & Smith, Frank D. Smith, Jr.,* for appellees.