### 71377. CITY OF JEFFERSON v. TOWN OF PENDERGRASS et al.
#### (337 SE2d 343)

BANKE, Chief Judge.

At the request of the Gainesville Midland Railroad Company, the City of Jefferson, Georgia, passed an ordinance on March 12, 1984, annexing the railroad's right-of-way between the city limits of Jefferson and the city limits of Pendergrass, Georgia. On December 11, 1984, the City of Jefferson annexed certain additional property, again at the request of the property owner, which was contiguous to the city limits of Jefferson only by virtue of the earlier annexation of the railroad right-of-way.

The Town of Pendergrass, its mayor and town council brought this action to have the two ordinances declared invalid on several grounds, one of which was that the Gainesville Midland Railroad Company was not the "owner" of all the land annexed by the ordinance of March 12, 1984. There is no dispute among the parties that the validity of the Shumake annexation is predicated upon the validity of the earlier annexation of the railroad property. Based on its determination that the railroad was not the "owner" of all the property annexed on March 12, 1984, the trial court declared both annexation ordinances invalid. The City of Jefferson filed this appeal. *Held*:

OCGA § 36-36-2 (a) provides, in pertinent part as follows: "Authority is granted to the governing bodies of the several municipal corporations of this state to annex to the existing corporate limits thereof unincorporated areas contiguous to the existing corporate limits at the time of such annexation, upon the written and signed applications of all of the owners of all of the land . . . Lands to be annexed at any one time shall be treated as one body, regardless of the number of owners, and all parts shall be considered as adjoining the limits of the municipal corporation when any one part of the entire body abuts such limits." The term "owner" as used in the statute has been defined to mean the " 'record title holder of the fee simple title, or his legal representative.' " *City of Cartersville v. Bartow County School*

*District,* 145 Ga. App. 129, 130 (243 SE2d 293) (1978).

The evidence before the court showed without dispute that the Gainesville Midland Railroad Company owned only an easement across some of the parcels of land included in the annexed right-of-way. Since the railroad did not own the fee simple title to all the land which was the subject of the March 12, 1984, annexation ordinance, it follows that the trial court did not err in declaring both it and the ordinance of December 11, 1984, to be invalid.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 22, 1985 —
REHEARING DENIED NOVEMBER 7, 1985 — 

*Sam S. Harben, Jr., Ronald K. Hopkins,* for appellant.
*Frank W. Virgin,* for appellees.