## A91A1637. SOUTHERN GUARANTY INSURANCE COMPANY OF GEORGIA v. VIAU et al.

### (418 SE2d 608)

BIRDSONG, Presiding Judge.

Southern Guaranty appeals from the grant of summary judgment in favor of Kathleen Wallace Viau, Brenda Warren, Montica Pes, Michelle Childs, Fred Dean, Inc. ("FDI"), and Fred Dean, defendants in a declaratory judgment action. Southern Guaranty sought guidance on its obligations under a multi-peril insurance policy and endorsements issued to FDI which also insured Fred Dean. The other appellants were injured in a collision with a vehicle driven by Fred Dean and owned by FDI.

Viau, Pes, and Warren filed suit against Fred Dean and FDI. According to the allegations in their complaints, Fred Dean was under the influence of alcohol at the time of the collision because of alcoholic beverages served to him by employees of FDI during a barbecue at FDI.

Fred Dean and FDI are also insured under a $500,000 single limit automobile insurance policy issued by Southern Guaranty. Southern Guaranty accepted coverage on this policy and interpleaded the policy limits into the court. At the same time, however, Southern Guaranty asked the trial court to construe its obligations under the multi-peril policy.

Southern Guaranty claims uncertainty about its obligations under the policy because it claimed two provisions in the policy excluded coverage for these losses.

Southern Guaranty contends that an automobile exclusion relieves it of responsibility under the policy because the damages in this case arose from the operation of a motor vehicle. Appellees, however, contend that notwithstanding any other exclusion, a Host Liquor Law Liability Coverage Endorsement provides coverage under the policy. Both sides moved for summary judgment, and the trial court granted appellees' motion and denied Southern Guaranty's. Southern Guaranty now contends the trial court erred in doing so and also erred by denying its motion to stay the proceedings pending the outcome of the declaratory judgment action. *Held*:

Because the trial court refused to stay the proceedings, there has been a resolution of appellees' claims against FDI which could give rise to coverage under the multi-peril policy. In seven related appeals on the merits of the liability claims and involving the parties in this appeal, except for Southern Guaranty (see 203 Ga. App. 801 (418 SE2d 604) (1992)), this court affirmed the trial court's grant of summary judgment to FDI, or otherwise resolved in favor of FDI, all claims against FDI under the theories for imposing liability advanced by Viau, Warren, Pes, and Childs. Accordingly, Southern Guaranty

has no potential obligations under the multi-peril policy on these claims.

For errors to require reversal they must be harmful, and even if the trial court erred, Southern Guaranty can suffer no prejudice because FDI has now prevailed on the merits. As this court does not provide advisory opinions or attempt to correct errors without regard to prejudice, the issues Southern Guaranty asserts in this appeal are now moot. *Merrill v. Eiberger*, 198 Ga. App. 806 (403 SE2d 91). Therefore, the appeal must be dismissed. OCGA § 5-6-48 (b).

*Appeal dismissed. Pope and Cooper, JJ., concur.*

DECIDED MARCH 19, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992 —

*Chambers, Mabry, McClelland & Brooks, Robert M. Darroch, Mark A. Barber*, for appellant.

*Butler, Wooten, Overby & Cheeley, James E. Butler, Jr., Charles F. Overby, Peter J. Daughtery*, for appellees.