A98A2103. COTTON STATES MUTUAL INSURANCE COMPANY
v. STALLINGS et al.
(508 SE2d 688)

ELDRIDGE, Judge.

Cotton States Mutual Insurance Company ("Cotton States") appeals the trial court's order dismissing its complaint for declaratory judgment against Gloria and Lawrence Stallings on the grounds that a declaratory judgment action was not the proper method for determination of the issues involved in this case.

In its complaint, Cotton States set forth the following facts: Cotton States issued to James E. Lowe, Jr., an automobile insurance policy which afforded bodily injury liability coverage in the amount of $50,000 per person. Such insurance policy covered Mr. Lowe's daughter, Kathryn Marette Lowe.

On March 4, 1996, Gloria and Lawrence Stallings were traveling east on County Road 1 in Effingham County, Georgia, in a 1991 Chevrolet C-10. A vehicle driven by Kathryn Marette Lowe was traveling south on County Road 204. At the intersection of the two roads, there was a stop sign for vehicles, such as the Stallings', which were traveling east on County Road 1. There was no stop sign for vehicles, such as Ms. Lowe's, which were traveling south on County Road 204.

At the intersection of the two roads, the vehicles collided, and, as a result of the collision, Gloria Stallings was thrown into the bed of the Chevrolet pickup truck, knocked unconscious, and seriously injured. At the scene of the collision, Lawrence Stallings told the police that he was driving the 1991 Chevrolet C-10. Cotton States, however, contends that, based on the physical evidence of the collision, Gloria Stallings was actually driving the Chevrolet C-10.

Cotton States alleged that, if Lawrence Stallings was the driver

of the Chevrolet C-10, Cotton States would be willing to offer its policy limits of $50,000 to settle Gloria Stallings' personal injury claims. However, if the Chevrolet C-10 was driven by Gloria Stallings, Cotton States contended that her negligence of either failing to stop at the stop sign, or failing to yield the right-of-way to Ms. Lowe, would be of such comparative negligence as to defeat any claims Gloria Stallings might assert. Cotton States further alleged that such question of fact has put them in a position of uncertainty and insecurity with respect as to whether they have an obligation to settle Gloria Stallings' claim for the policy limits. Therefore, Cotton States requested that the trial court determine who was the driver of the 1991 Chevrolet C-10 involved in the collision and find that Cotton States not be considered to be acting in bad faith in failing to offer its policy limits to Gloria Stallings until such determination was made.

Cotton States' sole enumeration of error is that the trial court erred in dismissing Cotton States' complaint as a genuine controversy exists, and that its complaint does not disclose with certainty that Cotton States is not entitled to the declaratory relief sought.

(a) Cotton States argues that Gloria Stallings had no standing to bring a motion to dismiss as she was in default at the time she brought such motion. Cotton States did not make this argument below. Accordingly, we cannot consider this argument for the first time on appeal. "We are limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at [the trial level]. [Cit.]" *Ramsay v. State*, 220 Ga. App. 618, 623-624 (469 SE2d 814) (1996).

(b) "The purpose of the Declaratory Judgments Act is 'to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.' OCGA § 9-4-1." *Morgan v. Guaranty Nat. Cos.*, 268 Ga. 343, 344 (489 SE2d 803) (1997). "While our declaratory-judgment statute should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies." (Citations and punctuation omitted.) *Sentry Ins. v. Majeed*, 194 Ga. App. 276, 277-278 (390 SE2d 269) (1990), aff'd, 260 Ga. 203 (391 SE2d 649) (1990). "[W]here the rights of the parties have already accrued and there are no circumstances showing any necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest, the plaintiff is not entitled to a declaratory judgment. The declaratory judgment action makes no provision for a judgment which is advisory." (Citations and punctuation omitted.) *Morgan v. Guaranty Nat. Cos.*, supra at 344.

In this case, Cotton States admitted in its complaint that it has a duty to defend under the policy and the rights of the parties thereunder have already accrued. Cotton States is not "walking in the dark" as to what legal duties are imposed upon it under the terms and conditions of the insurance policy. What Cotton States is seeking is a declaration of the viability of its defense to both the main action and any future action that may be filed by the insured for its failure to settle the claim, i.e., that the actual driver of the 1991 Chevrolet C-10 was Gloria Stallings. "A declaratory judgment is not available to a party merely to test the viability of its defenses." (Citations and punctuation omitted.) *Chattahoochee Bancorp v. Roberts*, 203 Ga. App. 405, 406 (416 SE2d 875) (1992).

Therefore, the trial court did not err when it dismissed Cotton States' declaratory judgment action.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 26, 1998 —
RECONSIDERATION DENIED NOVEMBER 12, 1998

*Forbes & Bowman, Morton G. Forbes, Catherine M. Bowman, Scot V. Pool*, for appellant.

*Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield, Michael J. Classens, Mary E. Adams*, for appellees.