A03A1116. CITY OF RIVERDALE v. CLAYTON COUNTY.

(588 SE2d 845)

JOHNSON, Presiding Judge.

This is an appeal from a judgment that the City of Riverdale's annexation of property in Clayton County was invalid. We find no error and therefore affirm the judgment.

In 2001, the City of Riverdale sought to annex an area of unincorporated Clayton County by obtaining signatures of at least 60 percent of the residents in the area who favored annexation.[1] On January 24, 2001, the city notified the county board of commissioners that it intended to annex 134 acres of land. On February 26, 2001,

---

[1] OCGA § 36-36-32 (a) provides that municipal corporations can annex certain areas "upon the written and signed application of not less than 60 percent of the electors resident in the area included in any such application and of the owners of not less than 60 percent of the land area, by acreage, included in such application."

Riverdale enacted an ordinance annexing that property into the city limits.

Clayton County brought this lawsuit challenging the annexation. Riverdale and Clayton County filed opposing motions for summary judgment. The trial court granted summary judgment to the county, finding that the annexation is invalid because Riverdale failed to make the required statutory finding that annexation is in the best interest of citizens of Riverdale and residents and property owners in the annexed area, and because Riverdale's plans to provide municipal services in the annexed area are inadequate. The court entered a subsequent order specifying that Riverdale is not to exercise municipal authority in the annexed area, enjoining the city from such actions as issuing building permits, collecting taxes, and providing first responder police and fire services in the area. Riverdale appeals.

1. Riverdale claims that the trial court erred in holding that OCGA § 36-36-37 requires the governing body of a municipal corporation to make a specific finding of best interest on the record before adopting an annexation ordinance. The enumerated error is without merit because, contrary to Riverdale's claim, the trial court did not render such a holding.

In its written order, the trial court quoted OCGA § 36-36-37 (a), which provides:

> If, after the public hearing, the governing body determines that the annexation to the municipal corporation of the area proposed in the application would be in the best interest of the residents and property owners of the area proposed for annexation and of the citizens of the municipal corporation, the area may be annexed to the municipal corporation by the adoption of an annexing ordinance.

The trial court then construed the plain language of this Code section to mean that the best interest determination is a condition precedent to annexing property.

The court further found, as a matter of fact, that Riverdale had not made the required determination as to whether annexation was in the best interest of its own citizens or the residents and property owners of the area to be annexed. In support of this finding, the court noted that there is nothing in the record showing that the city council considered or voted on the best interest requirement, that there is no reference to a best interest determination in the minutes of the public hearings held on the matter, and that the ordinance itself makes no mention of a best interest determination.

Thus, even though the court found as a matter of fact that

Riverdale had not made the best interest determination, the court never held that such a determination must be made on the record. The trial court simply found, from the record before it, no evidence that the requisite determination was ever made. Moreover, the court never suggested any particular method or manner by which Riverdale could show that it had made the determination.

We agree with the trial court that OCGA § 36-36-37 (a) requires that the best interest determination be made prior to annexation. And while the plain language of the statute does not expressly state that the determination must be made on the record, it certainly behooves any municipal corporation to make a record of such a mandated determination. Otherwise, a municipal corporation that fails to make a record of its best interest determination before annexing property runs the risk of facing the same problem that Riverdale now faces. That is, the annexation is vulnerable to any challenger who can establish that there is no evidence that the required best interest determination was made.

Regardless of that, the narrow issue now before us, as raised by Riverdale's enumeration of error, is whether the trial court erred in holding that the best interest determination must be made on the record. Because the court never rendered such a holding, but found only that Riverdale did not in fact make the best interest determination, the enumeration is without merit and we find no error.

2. Riverdale complains that the trial court erred in holding that the city failed to make adequate plans to extend services to the annexed area as required by OCGA § 36-36-35. The complaint is without merit.

Under OCGA § 36-36-35, a municipal corporation must make plans for the extension of services to the area proposed to be annexed, and at least 14 days before the public hearing on the proposed annexation it must prepare and make available to the public a report setting forth those plans.[2] The plans must provide for extending police and fire protection, garbage collection, and street maintenance services to the area to be annexed.[3] The plans must also provide for the extension of major trunk water mains and sewer outfall lines into the area within 12 months of the annexation.[4] The report of such plans shall include a map showing the present and proposed boundaries of the municipal corporation, the present and proposed extensions of water mains and sewer interceptors and out-

---

[2] OCGA § 36-36-35 (a), (d).
[3] OCGA § 36-36-35 (c) (1).
[4] OCGA § 36-36-35 (c) (2).

falls, and a statement setting forth the plans for extending major municipal services to the area to be annexed.[5]

In the instant case, the report made available to the public by Riverdale consisted of brief written statements from three city department heads. The police chief stated: "Upon review, I am confident that the Riverdale Police Department can serve the Verde Drive Area Project with existing manpower and equipment. We were already serving the area prior to having to redo the annexation. Please let me know if you have any questions or need additional information."

The fire chief stated: "Riverdale Fire Services can serve the Verde Drive Project Area with existing manpower and equipment. Station 1 will be the first response engine into the area. If you need additional information, please let me know."

And the public works director stated:

> The Riverdale Public Works Department can serve the annexation area with existing manpower and equipment. Most of the area already receives water and sewer service by either the City of Riverdale of [sic] Clayton County Water Authority. We have an existing agreement with CCWA on who would serve any new development. Please let me know if you have any questions.

These documents amount to nothing more than conclusory statements from the respective department heads that they believe the existing city services can also accommodate the area to be annexed. Such conclusory statements are not the sort of detailed plans and reports for the extension of services required by OCGA § 36-36-35. These mere conclusions give no meaningful information to the public about how the city plans to extend services to the area, and they thereby undermine the ability of citizens to participate intelligently in the public hearing on the annexation. The trial court correctly found that the purported plans and reports to the public about how the city will extend services to the area are completely inadequate under OCGA § 36-36-35.

3. Riverdale argues that the trial court, in granting the county's summary judgment motion, improperly failed to consider the evidence in the light most favorable to the nonmoving city. As discussed above in Division 2, the trial court correctly found that the city's reports and plans to extend services to the annexed area are inadequate. Because there is no genuine issue of material fact that the reports and plans were deficient under OCGA § 36-36-35, the trial

---

[5] OCGA § 36-36-35 (b).

court did not err in granting summary judgment to the county on that basis.

Moreover, the city's further claim that deposition testimony of two city council members shows that the city did make the best interest determination required by OCGA § 36-36-37 is specious. The first council member cited by the city testified that he thinks annexation is in the best interest of the public. And the second council member relied upon by the city testified that the council thought annexation was in the city's best interest. Construed in favor of the city, the testimony of these two council members establishes only that one member's personal belief is that annexation benefits the public, and that at some point the council thought annexation was in the city's best interest. Their combined testimony in no way proves that the city, after public hearing, determined that annexation would be in the best interest of the residents and property owners of the area proposed for annexation and of the citizens of the municipal corporation.[6] Accordingly, Riverdale has failed to show any genuine issue of material fact that would defeat the trial court's summary judgment ruling.[7]

4. Riverdale's final claim is that the trial court erred in its injunctive relief order. Riverdale does not make any new arguments in support of this claim, but instead relies on the arguments made in its first three enumerations of error. Because we have already found those arguments to be unpersuasive, Riverdale's final claim likewise provides no basis for reversing the trial court's judgment.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED OCTOBER 20, 2003 — 

*Jenkins & Nelson, Frank E. Jenkins III, John A. Beall IV, Brandon L. Bowen,* for appellant.

*Hancock, Story & Dempsey, Jack R. Hancock, Shawn M. Story, Brian R. Dempsey, Bridgette M. Palmer,* for appellee.

*Susan M. Pruett, Ted C. Baggett,* amici curiae.

---

[6] See OCGA § 36-36-37 (a).
[7] See OCGA § 9-11-56.