S10G1882. SCARBROUGH GROUP et al. v. WORLEY.
S10G1892. JOHN WIELAND HOMES & NEIGHBORHOODS,
INC. et al. v. WORLEY.

(719 SE2d 430)

BENHAM, Justice.

These appeals arise from annexations by Peachtree City ("the City") of parcels of unincorporated real property in Fayette County. We granted the petitions for a writ of certiorari filed separately by appellants Scarbrough Group and John Wieland Homes & Neighborhoods, Inc., the owners of the three parcels initially annexed by the City. In granting the petitions, we informed the parties we were particularly interested in whether appellee David Worley, the Peachtree City resident seeking to enjoin the City from providing services to the area annexed in 2007, had standing as a citizen-taxpayer to do so; whether the appeal is moot; and whether a subsequent annexation by the City cured the flaw the Court of Appeals found in the first annexation. See *Worley v. Peachtree City*, 305 Ga. App. 118 (699 SE2d 94) (2010). We conclude that the appeal was moot when it was

docketed in the Court of Appeals, and the Court of Appeals should have dismissed it as such. Accordingly, we reverse the judgment of the Court of Appeals and remand the case with direction that the appeal be dismissed.

Appellants own the three parcels totaling 788 acres that were annexed in May 2007 by the City pursuant to the "100%" method of statutory annexation.[1] Worley filed a declaratory judgment action against the City in June 2007 that challenged the annexation and the City's subsequent re-zoning of the annexed property. A year later, Worley amended his complaint to seek to enjoin the enforcement or application of the annexation ordinance on the ground that the annexation was ultra vires because it violated OCGA § 36-36-4 by creating a 35-acre "island" of unincorporated Fayette County within the new corporate limits of the City.[2] Appellants were permitted to intervene in July 2008 and sought dismissal of Worley's amended complaint based on his purported lack of standing. In November 2008, the City annexed the 35-acre unincorporated island pursuant to the "100%" method of annexation and, in January 2009, the trial court dismissed most of Worley's complaint, including his petition for declaratory judgment, for lack of standing.[3] Finding that Worley's status as a citizen-taxpayer gave him standing to seek injunctive relief if the City's action was beyond its power or authority, the trial court allowed Worley to pursue injunctive relief based on the alleged violation of OCGA § 36-36-4 brought about by the 2007 annexation's creation of the unincorporated island. Thereafter, the parties filed cross-motions for summary judgment on the surviving complaint for injunctive relief and, in April 2009, the trial court granted summary judgment to appellants, ruling that Worley's claim that the 2007 annexation was illegal due to the creation of the unincorporated island had been made moot by the City's 2008 annexation of the unincorporated island by means of the 100% method of annexation. Worley appealed to the Court of Appeals which reversed the trial

---

[1] OCGA § 36-36-21 grants authority to Georgia municipalities to annex to the municipality's existing corporate limits contiguous unincorporated areas "upon the written and signed applications of all of the owners of all of the land, except the owners of any public street, road, highway, or right of way, proposed to be annexed, containing a complete description of the lands to be annexed."

[2] OCGA § 36-36-4 (a) prohibits annexation
which would result in the creation of an unincorporated area with its aggregate external boundaries abutting the annexing municipality; . . . [or] abutting any combination of the annexing municipality and one or more other municipalities; or . . . an unincorporated area to which the county would have no reasonable means of physical access for the provision of services otherwise provided by the county governing authority solely to the unincorporated area of the county.

[3] Worley did not appeal the dismissal of the portion of his complaint in which he sought a declaratory judgment.

court's judgment and held that Worley was entitled to summary judgment because the 2007 annexation's creation of the island prohibited by OCGA § 36-36-4 rendered the 2007 annexation void from its inception and therefore incapable of being rendered moot by the 2008 annexation. *Worley v. Peachtree City*, supra, 305 Ga. App. at 121-125. We granted the petitions for writs of certiorari filed by appellants.

We address first the issue of mootness because the dismissal of a moot appeal is mandatory. *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986). See also *AJC Gwinnett News v. Corbin*, 279 Ga. 842, 843 (621 SE2d 753) (2005); *Collins v. Lombard Corp.*, 270 Ga. 120 (1) (508 SE2d 653) (1998). An appeal is dismissed when "the questions presented have become moot." OCGA § 5-6-48 (b) (3). "[A] case is moot when its resolution would amount to the determination of an abstract question not arising upon *existing* facts or rights . . ." (*Collins v. Lombard Corp.*, supra, 270 Ga. 120 (1) (emphasis supplied)), and the appellate court is not required to retain a moot case and decide it because a party "might possibly derive some future benefit from a favorable adjudication on an abstract question. . . ." *Gober v. Colonial Pipeline Co.*, 228 Ga. 668 (2) (187 SE2d 275) (1972).

Worley sought to enjoin the provision of city services to the property annexed in 2007 on the ground that the 2007 annexation created an illegal unincorporated island within the new municipal boundaries. By the time the trial court ruled, however, the facts had changed due to the City's annexation of the unincorporated island. The trial court granted summary judgment to appellants and the City on the ground that the disappearance of the unincorporated island left "nothing that need be remedied by the Court" and made a determination of whether the 2007 annexation was ultra vires a resolution "of an abstract question not arising upon existing facts." The Court of Appeals disagreed with the trial court's rationale, holding that the statutory violation that resulted from the 2007 annexation rendered the annexation ultra vires and void ab initio and therefore incapable of being resurrected by the annexation of the island. *Worley v. Peachtree City*, supra, 305 Ga. App. at 122 (2) (c). We agree with the rationale employed by the trial court.

This Court has declared an ordinance as "absolutely void," amounting to no law at all, when the ordinance is unconstitutional. *Southeastern Greyhound Lines v. City of Atlanta*, 177 Ga. 181, 184 (170 SE 43) (1933). Both this Court and the Court of Appeals have declared "illegal and void" an annexation ordinance that violates a state statute limiting a municipality's power of annexation. See *Plantation Pipe Line Co. v. City of Bremen*, 227 Ga. 1 (3) (178 SE2d 868) (1970) (annexation crossed the boundary line of a school district, thereby violating the statutory prohibition against annex-

ation that extended across the boundary lines of a political subdivision); *City of Riverdale v. Clayton County*, 263 Ga. App. 672 (1) (588 SE2d 845) (2003) (city failed to make the required statutory finding that the annexation was in the best interests of the citizens of Riverdale and the residents and property owners of the annexed area); *Culpepper v. City of Cordele*, 212 Ga. App. 890, 893 (443 SE2d 642) (1994) (the annexation exceeded the 50-acre limitation imposed by statute); *City of Jefferson v. Town of Pendergrass*, 176 Ga. App. 769 (337 SE2d 343) (1985) (annexation was invalid because the owner of the property did not own fee-simple title). In each of those four cases, however, the determination of invalidity and voidness was based on the facts as they existed at the time the court rendered its decision. Where the deficiency was not capable of being cured, injunctive relief was granted. See *Emmons v. City of Arcade*, 270 Ga. 196 (507 SE2d 464) (1998) (Arcade did not give statutorily-required notice of meeting); and *Richmond County Business Assn. v. Richmond County*, 223 Ga. 337 (2) (155 SE2d 395) (1967) (Richmond County's failure to publish pre-election notice as required by statute vitiated the election).

In the case at bar, the 2007 annexation was deficient because it created an unincorporated island within the City, a result prohibited by OCGA § 36-36-4. However, the existence of litigation does not, in and of itself, preclude a municipality or county from rectifying the deficiency highlighted by the litigation. See *Douglas County v. Hasty*, 237 Ga. 646 (229 SE2d 435) (1976) (county's enactment of new zoning ordinance while appeal was pending resulted in appeal being dismissed as moot). See also *Bruck v. Temple*, 240 Ga. 411 (2) (240 SE2d 876) (1977) (appeal from denial of injunctive relief rendered moot by voter approval and ordinance enactment, but petition for declaratory judgment that ordinance was unconstitutional was still alive). Compare *Fulton County v. Legacy Investment Group*, 296 Ga. App. 822 (6) (676 SE2d 388) (2009) (petition for declaratory judgment that ordinance was unconstitutional was still alive).[4] The City's 2008 annexation of the unincorporated island by the time the trial court issued its ruling cured the deficiency that existed at the time Worley sought injunctive relief, thereby making moot the question of whether the deficient annexation in 2007 was void.

Had Bremen, Riverdale, Cordele, or Jefferson City, the municipalities involved in the cases in which the annexation ordinance was declared illegal and void, taken action to cure its annexation short-

---

[4] The case before us concerned only injunctive relief since Worley's petition for declaratory judgment had been dismissed three months before the grant of summary judgment currently at issue, and that interlocutory order has not been appealed.

coming prior to the issuance of a judgment by the trial court, the trial court in those cases would have been in the position in which the trial court in the case before us found itself — the existing facts made the legal issue an abstract question — and would not have erred had it declared the issue moot in light of the *"existing* facts." *Collins v. Lombard Corp.,* supra, 270 Ga. at 122; *Chastain v. Baker,* supra, 255 Ga. at 433. The trial court in the case at bar, faced with a "cured" annexation, did not err when it determined that Worley's quest for injunctive relief was moot. Accordingly, the Court of Appeals erred when it reversed the judgment of the trial court. We reverse the judgment of the Court of Appeals and remand the case to that court with direction that it vacate its judgment and dismiss the appeal as moot.

In light of our determination that the appeal should have been dismissed as moot, there is no need to address the issue of Worley's standing as a citizen-taxpayer.

*Judgment reversed and case remanded with direction. All the Justices concur, except Nahmias, J., who concurs in judgment only.*

DECIDED NOVEMBER 21, 2011 —
RECONSIDERATION DENIED DECEMBER 8, 2011.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling,* for Scarbrough Group, Inc.

*Holt, Ney, Zatcoff & Wasserman, Melissa J. Perignat, Joseph S. Jacobson,* for John Wieland Homes and Neighborhoods, Inc.

*Sumner Meeker, Theodore P. Meeker III,* for City of Peachtree City.

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert,* for Worley.

*Page Perry, David J. Worley,* pro se.

*Troutman Sanders, Mark H. Cohen, Robert P. Williams III, Weissman, Nowack, Curry & Wilco, Seth G. Weissman, Page, Scrantom, Sprouse, Tucker & Ford, Travis C. Hargrove, Shannon L. Goessling, Sarah H. Murphy, Rusi C. Patel, Susan J. Moore, Raymond R. Christman,* amici curiae.