# Court of Appeals
# of the State of Georgia

ATLANTA,___March 17, 2016_____

*The Court of Appeals hereby passes the following order:*

## A15A2338. CHATHAM COUNTY v. HABERSHAM et al.

In January 2015, the plaintiffs brought this action alleging a claim of negligence against Chatham County, among other defendants. The following month, Chatham County filed a motion that, among other things, asked the trial court to "dismiss [the] County as a party respondent" on the ground that the action against it was barred by the doctrine of sovereign immunity. On April 20, 2015, the trial court heard argument on the issue and ruled from the bench, denying the County's motion. On May 1, 2015, the trial court entered an order stating that, "having read and considered [the] County's Motion to Dismiss, and having heard oral arguments of respective counsels on April 20, 2015, the Court finds good and sufficient cause to DENY [the] County's Motion to Dismiss." The County appeals from this ruling.

However, on April 28, 2015, the plaintiffs amended their complaint to allege additional claims against the County and the other defendants, including a claim for breach of a written contract to which sovereign immunity would not be a defense. See *Layer v. Barrow County*, 297 Ga. 871 (1) (778 SE2d 156) (2015) ("sovereign immunity has been waived for 'action[s] ex contractu for the breach of any written contract'"), citing Ga. Const. of 1983, Art. I, Sec. II, Par. IX (c) (emphasis omitted). See generally OCGA § 9-11-15 (a) (permitting party to amend pleading without leave of court at any time before entry of pretrial order). Consequently, by the time the trial court entered his ruling on the County's request to be dismissed from the action on sovereign immunity grounds, the claims alleged in the action had changed to include a claim not subject to the County's motion. The question presented in the motion –

whether the County *would have* been entitled to dismissal from the action, had the action still asserted only the original negligence claim – became "an abstract question not arising upon *existing* facts or rights[.]" *Scarbrough Group v. Worley*, 290 Ga. 234, 236 (719 SE2d 430) (2011) (citation, punctuation omitted; emphasis in original). Because the trial court's decision resolved an abstract question, this appeal from that decision is moot. Id.

An appeal is dismissed when "the questions presented have become moot." OCGA § 5-6-48 (b) (3). Our Supreme Court has held that "the dismissal of a moot appeal is mandatory." *Scarbrough Group*, 290 Ga. at 236 (citations omitted). Accordingly, we hereby DISMISS this appeal.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,_____03/17/2016_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.