NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: April 19, 2022

S22A0134.  RAWLS v. THE STATE.

BETHEL, Justice.

Following our grant of his application for discretionary appeal, Donnel Rawls appeals the trial court's denial of his motion seeking a copy of his trial transcripts at public expense. For the reasons set forth below, we dismiss this appeal as moot.

At a jury trial held in Clayton County Superior Court in October 2016, Rawls was convicted of malice murder and feticide and sentenced to life in prison without the possibility of parole. In conjunction with his direct appeal, on January 17, 2017, Rawls's appellate counsel, a public defender, filed a motion for the trial court to produce transcripts of the trial and related proceedings at public expense. On January 23, the trial court granted the motion and instructed the court reporter to prepare the requested materials and

provide them to Rawls's appellate counsel. Rawls's appellate counsel received the transcripts from the court reporter and represented Rawls in his direct appeal, in which this Court affirmed his convictions.[1] See *Rawls v. State*, 310 Ga. 209 (850 SE2d 90) (2020).

On May 17, 2021, Rawls filed a pro se motion in the trial court seeking to have transcripts of his trial proceedings prepared at public expense. That motion requested that the court reporter prepare transcripts of his trial and the pre- and post-trial proceedings in the case and that those documents be provided to him in both print and electronic formats. Rawls's motion included an affidavit in which he stated that he had "on several occasions already requested copies of his transcripts . . . regarding his appellate efforts to reverse his own wrongful conviction for a murder." He further stated that he had written to the Clayton County Superior Court Clerk, two judges of the Clayton County

---

[1] The parties do not dispute this point. We also note that the brief filed in Rawls's direct appeal by his appellate counsel contains numerous citations to the record of his trial proceedings. The parties agree that Rawls's counsel and the public defender's office lost the copy of Rawls's trial transcripts that were prepared at public expense in 2017.

Superior Court, the District Attorney, the Public Defender, the Clerk of this Court, and the State Bar of Georgia to request the transcripts but that he had not been provided with them. He added that he had experienced "a deliberate thwarting of his appellate effort as the transcripts are being requested specifically for [his] preparations for a habeas corpus proceeding with substantial time bars and are thusly needed." The trial court denied the motion in a summary order on June 23, 2021.

That day, Rawls filed a pro se application for discretionary appeal, which this Court granted on August 23, 2021. Rawls filed a notice of appeal on August 31, 2021.[2] Rawls is represented in this

---

[2] Prior to the filing of the notice of appeal, on July 23, 2021, Rawls filed a "Motion for the Clayton Public Defender To Be Ordered Without Delay to Provide Defendant With Free Copy of Transcript Pursuant [to] O.C.G.A. 17-8-5 (a)," which made requests similar to those made in the May 17 motion. In an affidavit attached to that motion, Rawls stated that he was "seeking transcripts in order to prepare his habeas corpus petition." He further stated that, in preparation for his direct appeal, he was appointed appellate counsel and that appellate counsel had received written and electronic versions of transcripts of his trial and all pre- and post-trial proceedings. He added that appellate counsel had "failed to honor" his "numerous requests" for his transcripts during the direct appeal process. He went on to state that although the Supreme Court affirmed his convictions in October 2020, he did not learn of this Court's decision until January 2021 when he was contacted by the public

3

appeal by the Mercer Habeas Project from the Mercer University School of Law.[3]

On appeal, Rawls contends that the trial court erred by denying his motion. In its response brief filed on November 30, 2021, the State indicated to this Court that it had shared its digital copy of the transcripts with Rawls's current appellate counsel. Rawls filed a reply brief on December 17, 2021, in which he indicated that his current counsel had received from the State digitized PDF versions of four volumes of a trial transcript, a sentencing transcript, and a motion for new trial transcript from his trial. His current counsel represented that printed versions of those documents were provided to Rawls. Rawls asserted in his brief, however, that the materials provided by the State did not represent a complete copy of all transcripts pertaining to the proceedings in

---

defender's office. At that time, Rawls learned that his appellate counsel had "suddenly left his post" at the public defender's office, and Rawls requested his transcripts from that office. Rawls stated that, as of the date of that filing, he had not been provided with a copy of his transcripts.

[3] We thank the faculty and students for their representation of Rawls in this appeal.

his case. Rawls noted that the trial court's docket also referenced an arraignment and two other pre-trial proceedings.

At oral argument before this Court on January 19, 2022, Rawls again claimed that there may exist transcripts of pre-trial proceedings, including his arraignment, that could be useful to him in preparing a petition for a writ of habeas corpus. In response, the State's counsel represented to this Court that it had provided Rawls's current appellate counsel with all transcripts from Rawls's trial that actually exist and that were provided to his former appellate counsel in 2017 in conjunction with his direct appeal.[4] Rawls filed a post-argument letter that did not dispute the State's representation.

Based on this Court's review of the record, the parties' briefs,

---

[4] In response to questions regarding the existence of other transcripts that had not been provided to Rawls's current appellate counsel, counsel for the State stated that "there is no other transcript in the record. . . . The entirety of the record was sent up [on direct appeal], and that did not include any transcript of an arraignment." Counsel for the State indicated that she had made this representation to Rawls's current appellate counsel when she provided the available transcripts and again asserted that there is no portion of the transcripts of Rawls's trial proceedings that exists that was not given to Rawls's current appellate counsel.

and the representations of counsel at oral argument, it appears that Rawls has obtained the relief he sought. Rawls's appeal has therefore become moot and must be dismissed.

> [T]he dismissal of a moot appeal is mandatory. An appeal is dismissed when "the questions presented have become moot." OCGA § 5-6-48 (b) (3). A case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights, and the appellate court is not required to retain a moot case and decide it because a party might possibly derive some future benefit from a favorable adjudication on an abstract question.

(Citations, punctuation, and emphasis omitted.) *Scarbrough Group v. Worley*, 290 Ga. 234, 236 (719 SE2d 430) (2011). "This court will upon its own motion dismiss an appeal where it affirmatively appears that a decision would be of no benefit to the complaining party." (Citation and punctuation omitted.) *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986).

Moreover, although the issue of what a convicted defendant must demonstrate in order to receive a copy of his trial transcripts at public expense in connection with a prospective filing for post-conviction relief "is capable of repetition, it would not necessarily

6

evade review[.]" *Hopkins v. Hamby Corp.*, 273 Ga. 19, 19 (538 SE2d 37) (2000). Compare *Collins v. Lombard Corp.*, 270 Ga. 120, 122 (1) (508 SE2d 653) (1998) ("[A] case which contains an issue that is capable of repetition yet evades review is not moot because a decision in such a case would be based on existing facts or rights which affect, if not the immediate parties, an existing class of sufferers." (citation and punctuation omitted)). Therefore, this appeal is hereby dismissed as moot.

*Appeal dismissed. All the Justices concur.*