**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN, J. and SENIOR JUDGE FULLER.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 18, 2024**

# In the Court of Appeals of Georgia

A24A0588. FIRST ACCEPTANCE INSURANCE COMPANY OF GEORGIA v. WATTS et al.

BROWN, Judge.

Kimberly Glancy filed a personal injury action against Angel Watts for injuries she sustained when Watts, while operating a vehicle owned by her mother Sheril Adams, collided with Glancy's vehicle. While that suit was pending, First Acceptance Insurance Company of Georgia, Adams' insurer, filed the present declaratory judgment action against Adams, Watts,[1] and Glancy, seeking a determination (1) that it has no duty to provide coverage, indemnity, or a defense ("Count I"), and alternatively (2) that Glancy's settlement offer pursuant to OCGA § 9-11-67.1 in the

---

[1] First Acceptance also included two of Watts' children, who were in the vehicle at the time of collision, as respondents.

underlying action is void ("Count II"). In response to various motions filed by the parties, the trial court denied First Acceptance's motion for reconsideration to open default and its motion for summary judgment, but granted Glancy's motion to dismiss Count II and motion to refuse judgment in the action pursuant to OCGA § 9-4-8. First Acceptance appeals, contending that the trial court erred in opening default and granting the motion to refuse judgment. Glancy, however, has filed a motion to dismiss the appeal, arguing that the issues raised by First Acceptance have become moot, depriving this Court of jurisdiction. For the reasons discussed below, we agree with Glancy. Accordingly, we grant Glancy's motion and dismiss this appeal.[2]

1. *Background.* Watts and Glancy were involved in a motor vehicle accident on February 16, 2020. At the time, Watts was driving a vehicle owned and insured by her mother, Adams. Adams was not in the vehicle at the time of the accident. First Acceptance insured Adams under an automobile liability policy, but Adams did not list Watts as a driver of the vehicle or resident of her household when she applied for insurance coverage and Watts was not listed on the insurance policy.

---

[2] In light of this ruling, oral argument in this case, which was scheduled for April 10, 2024, is hereby cancelled.

2

Several days after the accident, First Acceptance notified Watts and Adams that there was a question regarding coverage for the accident because Watts was using Adams' vehicle at the time of the accident even though she was not listed on the policy, but that it was nonetheless handling the claim arising from the accident under a full reservation of rights to disclaim coverage. For the next several months, First Acceptance continued to investigate the matter of whether Watts qualified as a "regular operator" under the policy, and reminded Watts and Adams several times that it was continuing to handle the claim under a full reservation of rights. In January 2021, Glancy filed a personal injury action against Watts in the State Court of Douglas County. First Acceptance advised Watts and Adams of the lawsuit and again stated that it would continue to handle the claim and "defend you in the Lawsuit" subject to a full reservation of rights.

In March 2021, First Acceptance filed this declaratory judgment action, seeking a determination (1) that it has no duty to provide coverage, indemnity, or a defense ("Count I"), and, alternatively, (2) that Glancy's settlement offer pursuant to OCGA § 9-11-67.1 in the underlying action is void ("Count II").[3] The crux of its claim is that

---

[3] On October 5, 2020, Glancy sent a time-limited demand offer to First Acceptance pursuant to OCGA § 9-11-67.1. On November 11, 2020, First Acceptance

Watts lived with Adams prior to and at the time of the accident; that Watts operated Adams' vehicle "with the frequency of a 'regular operator,' as that term is defined in the [p]olicy"; and that, therefore, there is no coverage under the policy because Adams failed to list Watts as a regular operator on her policy and First Acceptance "is not required to provide Respondents with coverage, indemnity, or a defense with respect to the Accident."

As the action progressed, the parties filed numerous motions. Glancy moved to dismiss Count II, alleging that declaratory judgments are not permitted for prospective or contingent matters, and that First Acceptance has not alleged the requisite uncertainty required by OCGA § 9-4-1. Watts and Adams filed a motion to

responded to the letter indicating that it was investigating "a coverage issue," and seeking an extension until December 4, 2020, to respond to Glancy's demand. On November 13, 2020, First Acceptance sent a second letter to Glancy indicating that it would like to accept "the demand of our $25,000.00 bodily injury liability limit," agreeing to the proposed release, and enclosing a settlement check for $25,000. On November 30, 2020, Glancy's counsel notified First Acceptance that it was returning the check because First Acceptance's letter seeking an extension amounted to a counteroffer, which Glancy expressly rejected: "[s]ince Ms. Glancy's Offer ceased to exist as soon as First Acceptance made its first counteroffer, there was nothing available for First Acceptance to accept."

open default, which was granted by the trial court.[4] Glancy then filed a motion to refuse judgment pursuant to OCGA § 9-4-8,[5] alleging that Count I is untenable because First Acceptance undertook a duty to settle her bodily injury claim and created tort exposure when it negligently failed to do so; the tort exposure moots the question of contractual obligations. Glancy further alleged that Count II posed no uncertainty for First Acceptance, as argued in the previously filed motion to dismiss. First Acceptance subsequently filed a motion for summary judgment, seeking a declaration that respondents are not entitled to coverage, indemnity, or a defense under Adams' insurance policy because Watts did not qualify as an insured at the time of the accident. According to First Acceptance, the record evidence showed that Watts operated Adams' vehicle on at least 18 occasions within the 90-day period preceding the accident, and that she qualified as a "regular operator" under the policy and that Adams should have notified First Acceptance or added Watts to the policy

---

[4] Watts and Adams were served on June 22, 2021, but did not file an answer until July 30, 2021.

[5] OCGA § 9-4-8 provides: "The court may refuse to render or enter a declaratory judgment or decree where the judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

5

as a listed driver. First Acceptance also filed a motion to reconsider the order opening default.

Following a hearing on April 19, 2023, the trial court denied First Acceptance's motions for reconsideration and summary judgment, and granted Glancy's motions to dismiss and refuse judgment. On September 22, 2023, First Acceptance filed its notice of appeal challenging these rulings. On November 6, 2023, the trial court in the underlying personal injury action entered a final judgment in favor of Glancy in the amount of $8,500,000, based on a consent judgment between Glancy and Watts.[6]

2. *Motion to Dismiss*. On appeal, First Acceptance contends that the trial court made several erroneous rulings in its declaratory judgment action, including granting the motion to open default and granting Glancy's motion to refuse judgment. Glancy

---

[6] We note that Glancy filed an unopposed motion to supplement the record on appeal with a copy of the judgment in the underlying tort case, which this Court granted. Both parties have also referred to the underlying judgment in their respective filings with this Court. We have considered the judgment in dismissing this appeal. See, e.g., *Rawls v. State*, 313 Ga. 590, 592 (872 SE2d 272) (2022) (dismissing appeal as moot because Court determined after reviewing the record, the parties' briefs, and the representations of counsel at oral argument that appellant had obtained the relief he sought); *Southern Guar. Ins. Co. of Ga. v. Viau*, 203 Ga. App. 806 (418 SE2d 608) (1992). Cf. *Rothenberg v. Security Mgmt. Co.*, 667 F2d 958, 961, n.8 (11th Cir. 1982) (considering "subsequent developments in cases that are a matter of public record and are relevant to the appeal").

has filed a motion to dismiss this appeal, alleging that in light of the consent final agreement settling the underlying tort action, the appeal in the declaratory judgment case is now moot. Because we agree that all issues relating to First Acceptance's declaratory judgment claim are moot, we dismiss this appeal. See *Clarke v. City of Atlanta*, 231 Ga. 84, 84–85 (200 SE2d 264) (1973) (dismissing appeal of declaratory judgment action that became moot during pendency of the appeal); *LabMD v. Admiral Ins. Co.*, 323 Ga. App. 906, 907-908 (1) (749 SE2d 11) (2013) (dismissing appeal where questions raised in appeal of declaratory judgment action had become moot, depriving this Court of jurisdiction). Cf. *Thomas v. Atlanta Cas. Co.*, 253 Ga. App. 199, 201 (1) (558 SE2d 432) (2001) (concluding that no subject matter jurisdiction existed for a declaratory judgment action where judgment had been entered in underlying damages action because the rights of the parties had become fixed, and the insurer was "merely asserting its defenses to a breach of contract action by the insured") (physical precedent only), disapproved on other grounds, *First Acceptance Ins. Co. of Ga. v. Hughes*, 305 Ga. 489, 493 (1), n.4 (826 SE2d 71) (2019).

As this Court enunciated in *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215 (231 SE2d 245) (1976), when an insurer is presented with notice of a claim

and demand for a defense, the "proper and safe course of action . . . is to enter upon a defense under a reservation of rights and then proceed to seek a declaratory judgment in its favor." Id. at 217 (1). See also *Kelly v. Lloyd's of London*, 255 Ga. 291, 293 (2) (336 SE2d 772) (1985). Indeed, "[t]he purpose of the Declaratory Judgment Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." (Punctuation omitted.) *Drawdy v. Direct Gen. Ins. Co.*, 277 Ga. 107, 109 (586 SE2d 228) (2003), citing OCGA § 9-4-1.

> However, where the rights of the parties have already accrued and there are no circumstances showing any necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to [its] alleged rights and which if taken without direction might reasonably jeopardize [its] interest, the plaintiff is not entitled to a declaratory judgment. The declaratory judgment action makes no provision for a judgment which is advisory.

(Citation and punctuation omitted.) *Morgan v. Guar. Nat. Cos.*, 268 Ga. 343, 344 (489 SE2d 803) (1997). See also OCGA § 9-4-2 ("[i]n cases of actual controversy, the respective superior courts of this state . . . shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party

8

petitioning for such declaration . . .”); *Fourth Street Baptist Church of Columbus v. Board of Registrars*, 253 Ga. 368, 369 (1) (320 SE2d 543) (1984) (“[a]bsent an actual controversy involving palpable insecurity, a court is without power to act by way of declaratory judgment”). In this regard, declaratory judgment is not available where a judgment cannot guide and protect the insurer with regard to some future act such as where the insurer has denied coverage, refused to provide a defense, or where a judgment has been entered in the underlying tort case. See *Morgan*, 268 Ga. at 344; *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 18 (413 SE2d 450) (1992); *LabMD*, 323 Ga. App. at 908 (1) (all issues relating to grant of declaratory judgment were rendered moot where underlying damages case proceeded to judgment); *Lumbermens Mut. Cas. Co. v. Moody*, 116 Ga. App. 2, 5-6 (1) (156 SE2d 117) (1967). See also *Clarke*, 231 Ga. at 85 (dismissing appeal of declaratory judgment action where issuance of building permit during the appeal rendered the case moot). As our Supreme Court has made clear, “declaratory judgment is not available to a party merely to test the viability of its defenses.” *Drawdy*, 277 Ga. at 109, citing *Morgan*, 268 Ga. at 345. See also *Cotton States Mut. Ins. Co. v. Stallings*, 235 Ga. App. 212, 214 (b) (508 SE2d 688) (1998) (affirming dismissal of declaratory judgment action where insurer merely sought “a

declaration of the viability of its defense to both the main action and any future action that may be filed by the insured for its failure to settle the claim").

In this case, Glancy contends that this appeal should be dismissed because the underlying tort action has already proceeded to and reached a non-appealable, final judgment. Accordingly, the rights of the parties in the declaratory judgment action have already accrued and become fixed, and there is no uncertainty. First Acceptance contends that its adherence to the requirements of *Richmond* distinguishes this case from those relied on by Glancy; that fairness principles dictate that its appeal is not moot; and that while the consent judgment moots the duty to defend issue, its duty to indemnify Watts for that judgment remains a live controversy. We are not persuaded by First Acceptance's contentions.

This Court has already rejected the bulk of First Acceptance's contentions in *Empire Fire & Marine Ins. Co. v. Metro Courier Corp.*, 234 Ga. App. 670 (507 SE2d 525) (1998), explaining as follows:

> A third death knell is the fact that judgment has been entered in the damage action. This moots the declaratory judgment action. All rights have accrued; the insurer is either liable under the terms of its policies for the judgment entered against its insured or it is not. The insurer faces no risk of taking future undirected action; its defenses can be presented

when suit is entered by the third-party claimant, as has occurred. Empire contends that the filing of the declaratory judgment action before entry of the judgment changes this rule. It argues that allowing the judgment to moot the declaratory judgment action would encourage a race to judgment. But events after the filing of a declaratory judgment action have often mooted the action. Regardless of when an action reaches that posture, it is still an action which presents no justiciable controversy because the issue (whether to defend) has become dead or academic. A decision would have no practical effect. That would occur when, for example as is the case here, the matter in dispute has already been resolved. The issue of whether it is liable for the judgment does not present an issue for declaratory judgment because that issue does not relate to future undirected action.

(Citation, punctuation, and footnote omitted.) Id. at 672-673 (1) (c). While we acknowledge that *Empire Fire* and other cases cited by Glancy in her motion are distinguishable on their facts because the insurer in those cases did not follow the requirements of *Richmond*, the statement set forth above from *Empire* "is a correct statement of the applicable principles of law" and controls in this case. *Scovill Fasteners v. Sure-Snap Corp.*, 207 Ga. App. 539, 541 (428 SE2d 435) (1993). See also *Gist v. DeKalb Tire Co.*, 223 Ga. App. 397, 398 (1), n.1 (477 SE2d 616) (1996). Given that a judgment has been entered in the underlying damages action, fixing the rights

11

and obligations of the parties, any ruling on First Acceptance's action for declaratory judgment would be an impermissible advisory opinion. See *LabMD*, 323 Ga. App. at 908 (1); *Stallings*, 235 Ga. App. at 213 (b); *Empire*, 234 Ga. App. at 671-673 (1); *Moody*, 116 Ga. App. at 5-6 (1)*; Thomas*, 253 Ga. App. at 201 (1). See also *Baker v. City of Marietta*, 271 Ga. 210, 215 (1) (518 SE2d 879) (1999) ("Declaratory judgment will not be rendered based on a possible or probable future contingency. Entry of a declaratory judgment under such circumstances is an erroneous advisory opinion which rules in a party's favor as to future litigation over the subject matter[.]") (citations and punctuation omitted).[7]

*Appeal dismissed. Dillard, P. J., and Senior Judge C. Andrew Fuller concur.*

---

[7] In its appeal, First Acceptance does not challenge the trial court's grant of Glancy's motion to dismiss Count II of its declaratory judgment action, arguing only that the trial court erred in granting the motion to refuse judgment and opening default. Accordingly, we make no ruling as to this claim. See, e.g., *Goodwin v. State of Ga.*, 321 Ga. App. 548, n.1 (739 SE2d 814) (2013) (because appellant did not enumerate as error or challenge trial court's ruling striking answer, appeal of this issue was deemed abandoned and dismissed); *Kelley v. General Motors Acceptance Corp.*, 145 Ga. App. 739, 741 (5) (244 SE2d 911) (1978) (appellant's failure to enumerate as error trial court's dismissal of count in his counterclaim waived the issue on appeal).